Stanard, J.
delivered the opinion of the court.
The court is of opinion, that according to repeated adjudications, the allowance to guardians, or those who act as quasi guardians, for the support, maintenance, and education of infants, is limited to the amount of interest, rents, hires, or other profits of the estate of the infant, unless under very special circumstances. But the principle does not operate, so as to exclude all allowance for permanent improvements, put by the guardian, or quasi guardian, on the real estate of the infant; or to limit such allowance to the amount of the interest, rents, hires, or other profits of the estate. The principal of the estate may under circumstances be applied in making such improvements ; and if they be suitable, and obviously for the benefit of the infant, the expenditure therefor may be defrayed out of the principal of the estate. In this case, under its circumstances, a credit against the principal of the infants’ estate, should have been allowed for the fair value of the dwelling house, and other permanent improvements, at the time the estate was divided; and the cost of them, subject to deduction for decay, from the time of their erection to the date of the division, would be the proper measure of that credit.
The court is further of opinion, that as it appears, that a reasonable allowance for the support and maintenance of the infants, exceeded the whole of the interest, rents, hires, and other profits of their estate, no part of the said interest, hires, rents, and other profits should have been charged in their favour, against those who fur *151 nished that support and maintenance; and therefore, that all the interest involved, and charged in the administration account, during the infancy of the children, should have been separated from that account, and the principal only of the balance of that account, treated as the subject of distribution among the distributees.
The court is further of opinion, that the application of the foregoing principles to the accounts between the parties, require that those reported by the commissioner, and made the basis of the decree of the court below, should be remodelled. In stating the administration account of the appellant, it should be brought down to the date of the division of the estate, in June 1834; and without involving in it any charge for rents, hires, or profits, or the interest on the balances; so as to shew the balance of the principal distributable among the distributees. Against this balance, the administrator should be allowed credit for the value of the dwelling house, and other permanent improvements on the real estate, to be ascertained in the manner aforesaid; and the residue will be the net amount distributable among the distributees, for which the administrator is responsible to them. Any receipts of the administrator subsequent to the date aforesaid, (of June 1834,) subject to credit for proper disbursements in course of administration, are also distributable as aforesaid; as are the proceeds of anyv outstanding debts due the estate, not collected at the time the court below may render its decree, as the said proceeds may he from time to time received. In stating the account between the widow and the administrator, she should be debited, 1st. With the annual interest on the disbursements by the administrator, for the erection of the dwelling house, and other permanent improvements on the plantation, from the date of the disbursements to the division aforesaid of the estate; and at the date of that division, with the difference of the amount of those disbursements, and the amount to be as afore *152 said credited to the administrator on the administration ag ^ t]ien vajue 0f tiae said dwelling house and improvements, if such disbursements exceed such value. 2d. With the perishable estate retained by her, an<^ charged to the administrator in the administration account. 3d. With all the supplies, and money, and other disbursements furnished her, or the children, or estate, not belonging to the administration account, by the administrator, or the mercantile firms of which he was a partner, and of which there is satisfactory proof direct, or presumptive, that the evidence in the record furnishes, or that may be brought in by the examination of the party to be charged, on interrogatories, or of witnesses, or otherwise: these charges to be brought into account from year to year, as the supplies were furnished, or the disbursements made. And she should be credited, 1st. With interest from year to year, on the annual balances of the administration account, which are not as aforesaid, to be involved in, and blended with the final balance on the administration account. 2d. With all rents, hires, and profits of the estate received by the administrator, or for which he is accountable; such rents, hires, and profits, not being chargeable,' or charged in the administration account. 3d. With the amount of her distributable share. 4th. With the annual interest upon the shares, respectively, of the distributee infants; of the balance due on the administration account, and distributable as aforesaid, from the date of said division, to wit, June 1834, until they respectively attain lawful age. This account between the administrator and widow, to be annually balanced, and interest to be charged on the annual balances, in favour of the party entitled to such balance. The consequence is, that in respect to the shares of the distributable balance of the administration account, (if such balance there be,) the administrator will be liable to a decree in favour of the children distributees, for the shares of those who *153 were adults at the time of division, (June 1834,) with interest from the date of said division; and for the shares of those then infants, with interest from the dates at which they respectively attained full age.
The court is therefore of opinion, that the decree is x J erroneous, and that it be reversed and annulled; and that the appellees pay to the appellant the costs expended in prosecuting his appeal in this court; and the case is remanded, for further proceedings in conformity to the principles, and opinion, herein before established and declared.