Stanard, J.
The efficacy of the objection to the judgment in this case, on the ground of usury, depends on the result of the enquiry, whether usury can be justly imputed to the original transaction between these parties. For, if the discount of the first note was not usurious, that note constituted a valid debt, which would remain a just and legal demand, though usury could be legally predicable of the notes subsequently discounted, of which this debt founded in part the consideration. Indeed, though there was usury in the discount of the first note, so far as the consideration of that note was a pre-existing and valid liability, the debt remained in full obligation, to the extent of that liability, though the note, as a security for the debt, should be null and void, by reason of the usury in the discount of it.
Without going farther back than the original note, I think, on the demurrer to evidence, the jury would have been justified in considering that note as offered by Wyche &f Parker to Cousins for discount, and as discounted by him, retaining out of the sixty days note, sixty-four days interest in advance, and computing interest at the rate of the half of one per cent, for thirty days; that is, computing interest as if thirty days was a month, and three hundred and sixty days a year.
Supposing there had been no previous transactions between the parties, but that Cousins had given on the discount of a note of 6000 dollars at sixty days, 5936 dollars, the objections to the validity of the note on the ground of usury, are, 1st. That interest was taken for sixty-four days, and in advance. $d. That in the corn *386 putation of interest, the year has been considered as equal to twelve months, and thirty days as equal to the month; these being the elements of the computation from which Rowlett’s tables have been framed. That the first objection is not tenable, was decided by this Court in the case of Crump v. Nicholas, 5 Leigh 251; and by the Supreme Court in the case of Thornton v. Bank of Washington, 3 Peters’ It. 36. That the second objection is equally unavailing to fasten the imputation of usury on the transaction, was decided by this Court in the case of the State Bank of North Car. v. Cowan, 8 Leigh 238; and was so decided in Massachusetts in the case of the Agricultural Bank v. Bissell, 12 Pick. R. 586. If, then, the nett proceeds of the discount of the note, that is, 5936 dollars, had been paid to Wyche If Parker in money, the discount would not have been usurious. In this case the proceeds of the discount was in part applied to an existing debt of the makers of the note, and the residue thereof paid in money. Does this feature of the transaction give it a character different from that which it would have borne had the whole amount been paid in money? That it does not, is, I think, free from all doubt. The full amount of the discount is in each case accounted for to the makers of the note. The only difference is, that in respect to the part the makers previously owed, the money is already in their hands, without the tradition of it from the hands of the discounter or lender. Indeed, the discount of a new note to meet one previously discounted and at maturity, a transaction of such familiar occurrence, is the example of the application of the whole proceeds of the discount to an existing liability; and on the question of usury on such new discount, it never has been seriously contended, that the application of the proceeds of the discount to the existing note, rather than the payment of the proceeds in money, had the slightest influence. On a question which has never been seriously raised, judicial decisions cannot be expected. The case of Crump *387 v. Nicholas, 5 Leigh 251, furnished the occasion to raise such a question; and that case shews, that no one thought it could be even plausibly maintained; and that if it had been propounded it would have been condemned.
The original note, therefore, was valid; and by it Wyche Parker became the debtor of Cousins, in the sum of G000 dollars. The subsequent renewals of the note for that sum, during the continuance of the partnership, notwithstanding that on the renewal the notes were taken, as the original note had been, by deducting the interest for sixty-four days computed as it was on the discount of the original note, on each renewal in advance, was not usurious; Crump v. Nicholas, 5 Leigh 251; and Wyche Parker was, at the dissolution of the partnership, indebted in the amount of the then existing note. Besides, could the objection on the ground of usury be maintained in respect to the renewed notes, it would have annulled them; but that would not have cancelled the pre-existing debt. The new security would have been void, but the pre-existing debt would not have been abrogated. That would have remained unsatisfied by the nugatory and void security, and the creditor would have been remitted to his original title thereto, and remedy therefor. Comy. on Usu. 187-194; Gray v. Fowler & als. 1 H. Bl. 11. 462; Rankin’s ex’or v. Rankin’s adm’rs, 1 Gratt. 153.
There being a valid debt, existing at the dissolution of the partnership of Wyche Sf Parker, the question is, has any thing which has since occurred absolved Parker from the responsibility ? The elaborate argument of the counsel for the plaintiff in error, though most creditable to his industry and ingenuity, is unavailing to justify an affirmative answer to this question. Without entering into the enquiry, whether in any case the unperformed promise, oral or written, by one of two already bound for the same debt, by a like promise to the *388 same party, can discharge, or be pleaded, or used in evidence to bar the legal remedy on the original promise, I think it may be safely affirmed, on principle and authority, that such discharge will not be effected, nor such i3ar j-,0 created, unless the parties making and accepting such new promise intended or stipulated that such discharge or bar to the former assumpsit should be the consequence of the making and acceptance of the new several promise. The new note given by Wyche in the name of the old partnership, (whether the new note propria vigore, in strict law bound Parker or not,) is plenary evidence that neither Cousins or Wyche stipulated, or expected, or intended to discharge Parker from his responsibility for this debt. So far from this being intended, it is demonstrable that it was intended to continue his responsibility. Had Cousins accepted the individual note of Wyche for this partnership debt, a foundation would have been laid for the enquiry, whether it was taken in discharge of the partnership responsibility; and to the determination of the question, how far it operated a discharge, the accessional enquiries into the known position in which the parties were placed by the terms of the dissolution, the conduct of the parties inter se, the influence of that conduct on the measures of the retiring partner in retaining securities or enforcing the liabilities of the other partner, would be most proper and relevant. But here no act has been done by the creditor indicating any purpose to absolve Parker, or calculated to mislead him; and no pretence even, that he has taken or surrendered any security from, or remedy against Wyche, or attempted, much less ever interrupted Parker in any attempt to enforce the obligation of Wyche, as between him and Parker, to do that which Parker was as much bound to the creditors to do as Wyche, discharge the liabilities of the partnership.
If the notes, made after the dissolution by Wyche in the name of the partnership, did not (and I think they *389 did not) per se bind Parker, they did not perform the function they were intended to perform, and they should not have the effect of discharging the pre-existing debt. The only foundation for the hypothesis that the new note was accepted in discharge of the former, is, that the parties considered it as but a new obligation of the same parties for the same debt, and being so, the retention of the former evidence of the debt was supererogatory. Not performing this function, the consideration for the inferred stipulation to discharge that debt, also fails, and the debt remains. No agreement of Cousins to discharge a former note but in consideration of the combined obligation of the parties on the new note, can be inferred j and if such obligation was not continued by the new note, it cannot, against the intent of the parties, operate a discharge or satisfaction of the debt due on the old, and intended to be continued by the new note.
The strongest position that the plaintiff in error can take still leaves it predicable of the case, that the consideration of the new note was a partnership responsibility, and that it was given and accepted as binding on both of the former partners, but was, by reason of the defect of the power of the one who gave it to bind in that form the other partner, void of obligation as to that other. Now in the stronger case in which a partner gives a bond for a partnership simple contract responsibility, by which the other is not bound, and as to the partner giving the bond the simple contract is merged in the higher security, and pro tanto, there is an actual novation, and radical change of the original obligation, yet if the bond be in the name of the partnership, and thus furnishing satisfactory evidence that it was not the purpose of the parties, in giving and accepting the bond, to discharge the debt as to the partnership, the partnership liability still remains. The only consequence of the several liability of one of the partners on the bond might *390 be a change of the mode of enforcing the partnership liability. Xn-such case the bond, if considered as a merger of the simple contract as to the party who gave it, Wülpq oppose a technical difficulty to the enforcement 0p tpe ciaim at law on the simple contract of the partnership ; and if so, a Court of Equity would be the proper resort for redress against the partnership ,• and there redress would be had. Galt's ex’or v. Calland's ex’or, 7 Leigh 594.
It is not perceived by what process of calculation the Court below reduced the amount of 6000 dollars principal, as found by the jury, to the sum of 5950 dollars 72 cents, for which the judgment was rendered. Some abatement of the principal of 6000 dollars might have been properly made, but I do not perceive that any abatement that could be justly claimed, or legally required, could equal the amount made by the Court. But of this excess of the abatement, the defendant in error does not, and the plaintiff in error has no right to complain; and therefore it is not a cause for the reversal of the judgment. I am therefore of opinion that the judgment should be affirmed.
The other Judges concurred in the opinion of £'tañará, J.
Judgment affirmed.