## EHRHARDT v. VARN.

1. BONDS AND NOTES.—A bond executed December, 1887, conditioned "with interest from date at ten per cent. until January 1, 1890, interest to be paid annually," draws interest after maturity at seven per cent.
2. INTEREST—USURY.—One suing on a contract not usurious in its inception may incur the penalty of forfeiture of all interest and costs, under Rev. Stat., 1390, 1391, by subsequently charging and receiving thereon interest at a greater rate than allowed by law.

Before EARLE, J., Colleton, December, 1896. Modified.

Foreclosure by C. Ehrhardt against Louisa Varn, and C. Ehrhardt & Son. From judgment defendant, Louisa Varn, appeals.

*Messrs. Howell & Gruber*, for appellant, cite: Rev. Stat., 1390, 1391; 27 S. C., 114; 30 S. C., 68.

*Messrs. Griffin & Padgett*, contra, cite: Rev. Stat., 1390, 1391; 2 S. C., 254; 2 Bail., 574, 345; 10 S. C., 133; 27 S. C., 111; 30 S. C., 391, 61; 31 S. C., 282.

March 21, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action to foreclose a mortgage of real estate against Louisa Varn, the mortgagee, and other defendants claiming same interest in the premises. The defendants, Ehrhardt & Son, in their answer, set up and sought foreclosure of a junior mortgage by Louisa Varn to one DeLoach, who had assigned to Ehrhardt & Son. Louisa Varn, answering the complaint and the answer of Ehrhardt & Son, in the nature of a cross-complaint, among other defenses, alleged usury, and claimed forfeiture of all interest, and counter-claim for double the excess of interest

over the legal rate. The Circuit Court refused to allow the forfeiture of all interest and costs, but, as against the plaintiff's mortgage, he allowed a counter-claim for $281, double the excess of interest over legal interest, and as against the defendant's, Ehrhardt & Son, mortgage, he allowed a counter-claim for $77.26, for double the excess of interest over legal interest.

The defendant, Louisa Varn, alone appeals. The exceptions raise practically two questions: 1. Was there error in not decreeing forfeiture of all interest and costs of suit? 2. Was there error in allowing as counter-claim against plaintiff's mortgage $281, instead of $340.46, as claimed by appellant?

Touching the first question. The act of 1882, 18 Stat., 36, amending sec. 1288 of the General Statutes, provides that "No greater rate of interest than seven per centum shall be charged, taken, agreed upon or allowed upon any contract arising in this State for the hiring, lending or use of money or other commodity—except upon written contracts, wherein, by express agreement, a rate of interest, not exceeding ten per cent. may be charged. No person or corporation lending or advancing money or other commodity upon a greater rate of interest shall be allowed to recover in any Court in this State any portion of the interest so unlawfully charged; and the principal sum, amount or value so lent or advanced, without any interest, shall be deemed and taken by the Courts of this State to be the true legal debt or measure of damages, to all intents and purposes whatsoever, to be recovered without costs." The bonds and mortgages in question were executed in December, 1887—the first conditioned to pay $2,000, "with interest from date at the rate of ten per cent. per annum, on or before the 1st day of January, 1890, interest to be paid annually;" the second conditioned to pay $500; on or before the 6th day of December, 1888, "with interest from date at the rate of ten per cent. per annum, interest to be paid annually, extended to December, 1889."

The Circuit Court, it is conceded, properly held that these contracts are not usurious, and that they bear interest at ten per cent. per annum, payable annually, until maturity, and thereafter at seven per cent. per annum. The question, then, is, whether plaintiff, suing on a contract not usurious in its inception, may yet incur the penalty of forfeiture of all interest and costs by subsequently charging and receiving interest thereon at a greater rate than allowed by law. Upon the $2,000 bond and mortgage, dated December 5, 1887, payable January 1, 1890, bearing ten per cent. interest from date to maturity, two payments were made up to maturity, viz: $213.18, January 1, 1889; $200, January 1, 1890. These payments were for interest due up to the time of payment. After maturity, the following payments were made: $200, January 1, 1891, indorsed on the bond as being interest to that date; March 28th, 1892, $195.08; January 19, 1893, $172.36. These payments were for interest alone. The Circuit Judge, citing Tyler on Usury, p. 3, 27 Am. & Eng. Enc. Law, 946, held, that the contract not being tainted with usury in its inception, payments of usury thereon after its maturity do not subject the plaintiff to the forfeiture of all interest. In so far as the question of forfeiture relates to the interest received up to the maturity of the bond is concerned, the Circuit Court ruled correctly. The language of the statute above quoted makes this clear. The forfeiture is of every portion of the interest "unlawfully charged." In the second sentence of the act quoted above, the words, "without any interest," in the second clause, must be construed consistently with the words, "any portion of the interest so unlawfully charged," in the first clause; so that the penalty of forfeiture is the whole amount of interest unlawfully charged. The ten per cent. interest charged and received up to the maturity of the note is manifestly not interest *unlawfully* charged, since the law allowed such charging of interest when, as in this case, it is so stipulated in writing. Appellant's counsel, in their argument, frankly and properly con-

cede that plaintiff is entitled to recover the ten per cent., as stipulated, up to the maturity of the bonds, or, rather, that the penalty of forfeiture does not apply to such interest. The Circuit Judge erred, however, in holding that plaintiff was not liable to the penalty of forfeiture of all interest on said bonds after the maturity thereof.    The second section of the act of 1882, 18 Stat., 36, is conclusive on this point. That section provides, "That any person or corporation who shall receive as interest any greater amount than is herein provided for, shall, in addition to the forfeiture herein provided for, forfeit also double the sum so received, to be collected by a separate action, or allowed as a counter-claim to any action brought to recover the principal sum."    The amount of interest provided for is seven per cent., "except upon written contracts, wherein, by express agreement, a rate of interest not exceeding ten per cent. may be charged." These contracts having been executed in December, 1887, after the act of 1882, as has been already stated, lawfully provided for ten per cent. interest up to maturity, it is well settled, in the construction of contracts like these, that they bear interest after maturity at the rate of seven per cent. The undisputed fact being that plaintiff and defendant, mortgagees, have received a greater amount of interest than seven per cent., without any agreement in writing for a greater amount than sever per cent., they must incur the penalties provided for such conduct.    The penalty provided in the first section of the act of 1882, incorporated as sec. 1390 Rev. Stat., for charging, taking, agreeing upon or allowing a greater amount of interest than allowed by law, is the forfeiture of every portion of the interest unlawfully charged; and in a suit for the principal sum, the creditor is entitled to recover the principal sum, and that without costs. These are suits to recover "the principal sums" loaned, and it is not disputed that the mortgagees charged and received, after the maturity of the bonds, a greater amount of interest than allowed by law.    In the second section of the act of 1882, incorporated as sec. 1391 Rev. Stat., the penalty

prescribed for receiving more interest than the law allows is the forfeiture of double the sum received in excess of lawful interest, "*in addition*" to the forfeiture of the right to recover any portion of the interest unlawfully charged, as prescribed in the first section of said act. *Hardin v. Trimmier*, 27 S. C., 114. There was error, therefore, in allowing any interest on the bonds in question after their maturity, and in allowing costs to the mortgagees.

As to the second question. The indorsements on plaintiff's bond for $2,000 show that $200 was received as interest on $2,000 for the year 1891. On March, 1892, the bond was indorsed as follows: "Received on the within bond $195.08." Under this was what Jacob Ehrhardt explained to be, not a payment, but a memorandum as follows: "Interest to January 1, 1893, $204.92." Under this memorandum was indorsed, "January 19, 1893, received on within bond $172.36." The memorandum above indicates that the $4.92, which the payment of March 28, 1892, lacked in paying the $200 as interest for one year, was added to the calculation of amount claimed to be due as interest for the year 1892, and thus shows that the rate charged after maturity was ten per cent. This is made perfectly clear by the testimony of Jacob Ehrhardt, who testified that "all payments indorsed were payments on interest * * * these amounts were received as interest calculated at ten per cent." It follows that the Circuit Court erred in finding that the $567.44, the aggregate of three payments above mentioned, was received as interest on the $2,000 from January 1, 1890, to January 19, 1893, three years and nineteen days, since this finding is inconsistent with the fact that all payments made were on interest at the rate of ten per cent. The payments were *on* interest charged up to January 1st, 1893, but *not in full of* such interest charged. Since $567.44 was received as interest on $2,000 at ten per cent. per annum from January 1, 1890, it follows that such sum was received as interest for two years, ten months and two days, or as interest up to November 3, 1892, instead of as inter-

est up to January 19, 1893, as found by the Circuit Court. Since it is conceded plaintiff was only entitled to receive seven per cent. interest from January 1, 1890, it follows, of course, that the excess of interest received was three per cent. on $2,000 for two years, ten months and two days, or $170.23, instead of $141.50 as found by the Circuit Court. The defendant is entitled to a counter-claim of double this amount, viz: $340.46, or, what is the same thing, double three-tenths, or six-tenths of $567.44, the interest received at the rate of ten per cent. after maturity.

The judgment of the Circuit Court is modified in accordance with the views hereinabove announced.