## MITCHELL v. BAILEY.

1. USURY—EVIDENCE.—The fact that a lender of money did not knowingly take usurious interest, does not enter into the question whether such contract was usurious.
2. IBID.—A note taken in 1891 for ten per cent. interest is usurious, and surrendering that and taking another for greater amount for same debt at eight per cent, makes second note usurious.
3. IBID.—Party taking or claiming usurious interest can only collect principal sum without interest or costs.

Before TOWNSEND, J., Greenville, April, 1899. Reversed.

Action by Wm. Mitchell against David T. Bailey. The master reported as follows:

"On the 13th January, 1891, the defendant borrowed from the plaintiff $400, and then gave his note for the same, payable one day after date, with interest from date at *ten per cent. per annum.* A short time after the execution of the above described note, the plaintiff discovered that the rate of interest therein mentioned was unlawful. After this dis-

covery, the defendant, David T. Bailey, procured J. A. Mooney, Esq., to prepare the note and mortgage of January 26th, 1891, for the sum of $408, with interest from date at *eight per cent. per annum.* This note fell due January 1st, 1892. This last named note, and the mortgage given to secure it, were subsequently turned over to the plaintiff, whereupon he surrendered to the defendant the note of January 13th, 1891. The purpose of this transaction was to purge the original contract of the quality of usury. It is admitted by both parties that the defendant only got from plaintiff $400, but the note calls for $408. The defendant claims that the $8 was put into the note in order to make up the difference between eight and ten per cent. on the amount borrowed. This he claims was a device to evade the law against usury, and this raises the only issue over which there is any controversy in this case. The plaintiff denies any effort on his part to avoid the usury law. He says that he has never claimed, or intended to claim, more than the legal rate of interest on the money loaned the defendant. If the plaintiff did intend by the part he took in this transaction to evade the law, he has made a dismal failure. By reference to the note it appears that it only bears interest at eight per cent. till its maturity, just eleven months and five days, and after that time it bears seven per cent., the legal rate. The question is one of interest. The defendant alleges an intent to drive a corrupt bargain. The plaintiff denies it. The defendant pleads the usury, and the burden is on him to prove it. The case depends upon his testimony and that of his wife on the one side, and that of the plaintiff on the other. A plea of this kind should not be sustained except upon the clearest and most convincing proof.

"It does not appear to my satisfaction that there was a purpose or intention on part of the plaintiff to procure more than the legal rate of interest, and I find, as a matter of fact, that he did not intend so to do. Hence the plea of usury should be rejected, and the defendant required to pay the plaintiff the sum of $400, with interest at eight per cent. per

annum till the 1st of January, 1892, to wit: $429.77, together with the interest on this last named sum at seven per cent. per annum to this date, which now amounts to the sum of $207.15.    This being added to the $429.77, makes the sum of $636.92 due to the plaintiff by the defendant, and the master so finds and concludes.    The master respectfully recommends that the plaintiff have judgment against the defendant for the foreclosure of the mortgage above mentioned, and the sale of the mortgaged premises for the payment of the above named sum of $636.92, and the costs of this action."

Circuit Court confirmed report of master, and defendant appeals.

*Messrs. Haynesworth, Parker & Patterson,* for appellant, cite: *As to usury:* 30 S. C., 68; 1 Rich. Eq., 514; 2 McC., 369; 2 Spear., 86.

*Mr. J. A. Mooney,* contra, cites: *Usury is question of intent:* 5 Am. D., 424; 1 Am. D., 538.    *Parties could purge usurious contract by subsequent contract:* Cases cited in note at p. 964, vol. 27, Am. & Eng. Ency. of L.; 18 S. E. R., 229; 10 Am. Dec., 204.    *Note not usurious:* 22 S. C., 139; 2 S. C., 248; 10 S. C., 135; 14 S. C., 341; 16 S. C., 469; 20 S. C., 542; 19 S. C., 85.

April 11, 1900.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.    This was an action to foreclose a mortgage of real estate given to secure the payment of a note under seal, bearing date the 26th day of January, 1891, whereby the defendant promised to pay to the plaintiff the sum of $408, with interest from date, at the rate of eight per cent. per annum, on or before the 26th day of January, 1892.    The defense set up in the answer was usury.    It was referred to the master to hear and determine all the issues of law and fact, whose report is set out in the "Case," and should be incorporated in the report of this case by the re-

porter. The case was heard by his Honor, Judge Town-
send, on this report and the exceptions thereto, who rendered
his decree overruling all of defendant's exceptions to the
master's report, confirming the report, and rendering judg-
ment for the sale of the mortgaged premises. From this
judgment defendant appeals upon the several exceptions set
out in the record, which need not be set out here, as the single
question made by this appeal is whether there was error in
rejecting the defense of usury.

It appears from the report of the master, that on the 13th
day of January, 1891, the defendant borrowed from the
plaintiff the sum of $400, and on that day gave his note to
the plaintiff for the same, payable one day after the date,
with interest from date at the rate of ten per cent. per annum.
A short time thereafter the plaintiff discovered that the rate
of interest stipulated for in said note was unlawful; and the
defendant on the 26th day of January, 1891, executed an-
other note, bearing that date, whereby he promised to pay to
the plaintiff, on or before the 26th day of January, 1892, the
sum of $408, with interest from date at the rate of eight per
cent. per annum, together with a mortgage to secure the pay-
ment of said last mentioned note; which note, together with
the mortgage to secure the payment of the same, were turned
over to the plaintiff, whereupon the plaintiff surrendered to
the defendant the original note for $400. The action was
brought to recover the amount mentioned in the last note,
and to have the mortgage premises sold and the proceeds
applied to the payment of the amount due on said last men-
tioned note. In his complaint the plaintiff alleges: "That
there is now due and payable on said note and mortgage the
sum of $408, and interest thereon at the rate of eight per
cent. per annum from the 26th day of January, 1891. That
the condition of the said note and mortgage has been broken,
and there is due and remaining unpaid upon said note and
mortgage the sum of $408, with interest on said amount at
the rate of eight per cent. per annum from the 26th day of
January, 1891." Then he demands judgment that the mort-

gaged premises be sold and the proceeds applied to the payment of said debt, and the costs of this action, and execution be awarded for the balance against the defendant. The master also finds as an admitted fact that the amount actually loaned by the plaintiff to the defendant was only $400, while the note given to secure the repayment of such loan was for $408, and yet he finds that there was no usury in the transaction, simply because he finds as a matter of fact (although there is a conflict of testimony as to this point which, however, under the view we take it is not necessary to consider,) that the plaintiff never intended to obtain more than the legal rate of interest. Thus basing his judgment upon what will hereinafter be shown to be an erroneous legal proposition. For whatever may be the decisions elsewhere, it is settled here that the fact that the lender of money did not intend to violate the usury law, has nothing whatever to do with the question, whether the contract which he is seeking to enforce is usurious. In the case of *Thompson* v. *Nesbit,* 2 Rich., 73, it was held that a contract may be usurious even though the parties did not know that it was against law ; and that case was cited with approval by Moses, C. J., in *Gillilland* v. *Phillips,* 1 S. C., at page 156, and again in the comparatively recent case of *Bank* v. *Parrott,* 30 S. C., at page 68, where the late Mr. Justice McGowan, in delivering the opinion of the Court, uses this language : "It is true, there are some authorities which seem to sustain the view that to constitute usury the 'taking' must be wilfully and knowingly corrupt, notably the case of *Bank of the United States* v. *Wagener,* 9 Peters, 400. But, as we understand it, the rule is different in this State. The words of our usury law are mandatory that no greater rate of interest than seven per cent. shall be 'charged, taken, agreed upon, or allowed,' &c. 'After the facts are ascertained whether a contract is usurious, is a question of law, and proof that the agreement is corrupt, is not necessary ; for a contract may be usurious though the parties did not know that it was contrary to law' "—citing *Thompson* v. *Nesbit,* 2 Rich., 73 ; *Brummer* v.

*Wilks,* 2 McC., 178.   So that the view we take is not only supported by authority which we are bound to recognize, but it is in accordance with the terms of our statute as well as founded in good reason.   For if a money-lender could escape the penalty of usury by going on the stand and testifying that he did not intend to violate the usury laws, such laws would become practically of but little use.   Our view also finds support in the English cases cited in *Thompson* v. *Nesbitt, supra.*

It being conceded that the amount actually loaned was only $400, we need not cite authorities to show that the giving of a note for an amount in excess of that sum, tainted the contract sued upon with usury; for that was a device frequently resorted to for the purpose of evading the usury laws, but the Courts uniformly held that such a device would not avail.

It is true that the master, in sustaining the amount due by the defendant to the plaintiff under the contract sought to be enforced, has undertaken (by what authority does not appear) to change at least two of its important terms, the amount secured and the time for which such amount is entitled to bear interest—for he fixes the amount to be paid at $400, while the contract fixes it at $408, and he allows interest until the first of January, 1892, while the contract provides for interest at the rate of eight per cent. until the 26th day of January, 1892.   If a plaintiff when he sues to enforce a contract tainted with usury can escape the penalties of usury by changing his contract, so as to give him judgment for the amount actually loaned, with interest from the date of the loan, then a money-lender who has charged usury runs no risks of losing anything when he undertakes to enforce his contract by process of law, for he obtains a judgment for the amount loaned, *with interest and costs,* whereas the statute expressly declares that he can only recover the amount loaned, *without interest or costs.* Under the view which we take, it is unnecessary to consider the question whether the new note was a mere substitute for

the first note or was an entirely new contract, for the reason that we think that both of the contracts evidenced by the two notes were infected with usury—the first, because it in express terms stipulated for interest at a greater rate than that allowed by law, and the second, because it was given for an amount greater than the sum actually loaned, and stipulated for interest on such increased amount. The fact that the plaintiff took the note upon which this action is based for a sum in excess of the amount actually loaned, and the further fact that in his complaint he has alleged that this amount in excess of the sum actually loaned is now due, with interest from the date of the note and claims judgment for the same, shows clearly that the contract which the plaintiff is seeking to enforce is usurious, and the Circuit Judge erred in not so holding.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for such further proceedings as may be necessary to carry out the views herein announced.