## RUSHTON v. WOODHAM.

1. JURISDICTION—LEE COUNTY.—Under the act creating Lee County the Courts of the counties out of whose territory Lee County is formed have jurisdiction of causes relating to lands in the territory of the new county pending at the time of its creation until the officers of Lee County have qualified and demanded the records of the old counties, and this rule applies in a case which was argued and opinion announced three days before officers of Lee County qualified, but decree filed six days after.

2. IBID.—WORDS AND PHRASES.—In this act the words, "Jurisdiction and power in and over the people of the territory," construed to mean jurisdiction over personal and real property in the territory.

3. USURY.—Plea of usury not stustained by evidence in this case. Collection of excess of interest by mistake, or other error against the intent of the party, will not support a charge of usury.

4. JURISDICTION—NEW COUNTIES.—Where an order of sale of land in a new county has properly been made in an old county and the officers of the new county have qualified before sale is made, it is proper to order sale made in new county.

Before KLUGH, J., Darlington, December, 1902.    Modified.

Action by J. E. Rushton against J. M. Woodman *et al.* From Circuit decree, defendants appeal.

*Messrs. Spears & Dennis,* for appellants, cite: *Did Court of Darlington have jurisdiction?* 23 Stat., 1194; 16 S. C., 276; 23 Wall., 405; 59 S. C., 232; 53 S. C., 198; 28 S. C., 313. *As to intent of plaintiff in accepting usurious interest:* 27 S. C., 341.

*Mr. Geo. W. Brown,* contra, cites: *As to jurisdiction:* 19 S. C., 219; 61 S. C., 73, 512; 51 S. C., 399. *As to usury:* 1 McC., 145; 27 Ency., 1 ed., 992; 55 S. C., 316.

February 26, 1904.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    This action for the foreclosure of a mortgage of real estate was commenced July 30th, 1900. The only defense set up in the answer was usury.    An order was made September 26th, 1901, referring the cause to T. H. Spain, Esq., master, to take testimony and report his conclusions of law and fact.    The master made his report, November 15th, 1902, finding that there was no usury, and recommending judgment in the full amount claimed by the plaintiff.    This report came up for consideration on defendants' exceptions, December 6th, 1902, in the Court of Common Pleas for Darlington County, and the counsel for the defendants then objected to the jurisdiction of the Court on

the ground that after the commencement of the action the new county of Lee had been created, which embraced within its limits the mortgaged premises, and that its county officers had qualified and been commissioned. The Circuit Judge overruled the plea to the jurisdiction, heard arguments on the exceptions, and on the same day announced that he would confirm the master's report, instructing plaintiff's attorney to prepare the decree. The decree was not filed until December 15th, 1902.

The defendant again raises the question of jurisdiction in this Court. It is here admitted, however, that while the act creating Lee County was passed on February 25th, 1902, and the county officers elected at the general election held in November, 1902, the officers did not qualify and receive their commissions until December 9th, 1902, three days after this cause had been heard in the Court of Common Pleas for Darlington County. This fact, we think decisive of the question of jurisdiction.

The eleventh section of the act creating Lee County provides:

"Sec. 11. All suits pending in the counties of Kershaw, Darlington and Sumter in which the defendants reside in the portion of said counties now established as the county of Lee, and all indictments now pending in the aforesaid counties in which the offenses were committed in the portion of said counties now established as Lee County, shall be transferred to the calendars of the Courts of the county of Lee; and all records, commissions and other papers belonging to any of said suits or indictments, together with all the legal incidents thereto appertaining, shall be transferred to the county of Lee within ten days after notice and demand therefor by the clerk of the Court for Lee County upon the clerks of the Courts for Kershaw, Darlington and Sumter Counties, respectively." (23 Statutes at Large, page 1199.)

It being manifest that no transfer of records and causes from the old counties could be made until there was an officer

who could receive public records and take charge of and docket causes for the court in which they were to be tried, and that no public business could be conducted without public officers, the General Assembly in the fourteenth section of the act provided that the Courts and officers of the old counties should have "full jurisdiction and power in and over the people of the territory within the limits of Lee County taken from their respective counties until the officers shall have been appointed or elected, as provided by law and qualified in and for the county of Lee, as provided for in this act."

The defendant, however, insists that "jurisdiction and power in and over the people of the territory within the limits of Lee County," confers jurisdiction only over the person of any one residing in Lee County, and not over the land situated therein. Nothing but the plainest and most emphatic enactment would justify a court in imputing to the General Assembly an intention to leave any portion of the State without public officers or courts for the protection and enforcement of property rights. The term "people" is here used in a comprehensive sense, clearly intended to embrace the inhabitants of the territory with respect to their personal and property rights and liabilities, and also all personal and property rights and liabilities over which the courts of the several old counties would have had jurisdiction, and concerning which the officers of the several old counties would have had power to act before the county of Lee was created.

It is, therefore, obvious that the Court of Common Pleas for Darlington County had jurisdiction of the cause on December 6th, 1902, when it was heard. The delay of the Court until December 15th, 1902, in filing the decree, the officers of Lee County having qualified in the meantime on December 9th, 1902, does not affect its validity; because the decree will be referred to the date of the hearing, and regarded as filed on that day. *Keep* v.

8—68

*Leckie,* 8 Rich., 164; *Aultman* v. *Utsey,* 35 S. C., 596, 14 S. E., 351; *Calhoun* v. *Ry. Co.,* 42 S. C., 132, 20 S. E., 30; *State* v. *Fullmore,* 47 S. C., 34, 24 S. E., 1026; *Mitchell* v. *Overman,* 103 U. S., 62.

All the remaining exceptions assign error to the Circuit Judge in not sustaining the plea of usury. Usury being an affirmative defense, must be established by the preponderance of the evidence. The defendant here specifically alleges that the contract expressed in the bond and mortgage was for interest at the rate of eight per cent., yet the real contract was for ten per cent., and that this rate of interest was exacted by the plaintiff from the date of the mortgage until December 28, 1899. The defendant and others of his family testify in support of this allegation, and the plaintiff flatly denies the charge. A number of receipts were given for payments and corresponding entries were made on the bond, but none of them indicate that more than eight per cent. was exacted. It is true, the defendant made payments which would amount to about ten per cent., but the plaintiff denies that they were received other than as general credits applicable to the interest at eight per cent. until extinguished and then to the principal, and charges that payments of such amounts were made by defendant with the purpose to give color to the plea of usury which he was preparing to set up. The master and the Circuit Judge concur in the finding that the plaintiff never contracted for a greater rate of interest than the rate stated in the bond, and did not at any time collect a greater rate. So far as the preponderance of the evidence being against this finding, we think it is well supported.

According to the defendant's own computation, from January 1st, 1897, the date of the bond, to December 1st, 1898, when no difference had arisen between the parties, the payments exceeded the legal rate of interest by only $18.73. The plaintiff's explanation of this excess, that the payments were made in small amounts, some of them when he did not have

the bond and without any accurate calculation of the interest due—accuracy not being regarded essential, as it was understood the principal should be gradually reduced—seems quite reasonable.   On the other hand, if the payments had been exacted and made on the basis of ten per cent. interest, the excess of the payments over eight per cent. would have aggregated over $100 instead of $18.73.   The explanation of the defendant that it was due to the kindness of the plaintiff that he was let off from paying the full ten per cent. for this period on account of the hard times, is not only at variance with his answer, but is not convincing in view of the fact that at the trial the plaintiff was represented on behalf of the defendant as quite an exacting creditor.   It need hardly be said that the collection of an excess of interest on account of a mistake in the computation or other error in fact against the intention of the party, will not support the charge of usury.   (3 Parsons on Contracts, 128.)   As to the later payments made when serious differences had arisen between the parties as to the cutting of timber on the mortgaged premises, it seems not at all probable the plaintiff would have risked the heavy penalty of usurious interest when dealing at arm's length with his debtor, and for this reason, if no other, his statement that the payments were received on the principal as well as interest, and not for usurious interest, is more reasonable.   The exceptions are, therefore, overruled.

As the cause is still pending, it should be transferred to the Court of Common Pleas for the county of Lee, and application made to that Court for an order directing the sale of the land to be made at Bishopville by the proper officers of Lee County, instead of by the master for Darlington County.

With this modification, the judgment of this Court is, that the judgment of the Circuit Court be affirmed.