## PLYLER v. McGEE.

USURY.—A party collecting compound interest under an honest belief of the legal right to do so, under the terms of the note, is guilty of collecting usurious interest, and is liable for double all the interest collected on the note.

Before ALDRICH, J., Greenville, March, 1906.    Affirmed.

Action by Mary T. Plyler against B. M. McGee.    From judgment for plaintiff, defendant appeals.

*Mr. B. M. Shuman,* for appellant, cites: *Collection of usurious interest through mistake is not usury:* 68 S. C., 110; *Bailey* v. *Mitchell,* 57 S. C.; 51 S. C., 550; 72 S. C., 362; 27 Ency., 971; 1 Bail., 505.    *To constitute usury the interest must be taken on a contract made when money is loaned:* 29 Ency., 453, 481, 482; Webb on Usury, secs. 18, 30; 27 Ency., 996; 4 N. Y., 363; 4 Pet., 205.    *Penalties must be strictly construed:* 13 Ency., 55; 101 U. S., 188; 3 Hill, 96; 26 S. C., 290.    *If contract is legal, only illegal interest collected on subsequent contract is usury:* 2 Bail. L., 574; 1 Strob. L., 466; Webb on Usury, sec, 306.

*Mr. Adam C. Welborn,* contra, cites: *Although the note was lawful on its face, the holder made it usurious by subsequently charging unlawful interest:* 51 S. C., 550; 72 S. C., 362; 30 S. C., 391; 62 S. C., 173; 57 S. C., 345.

March 26, 1907.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    This action was brought under the usury statute to recover seven hundred and forty-two dollars and seventy-two cents, double the amount of all interest paid on a note of which the following is a copy:

"$700.00.              Greenville, S. C., Nov. 25th, 1898.

On December 1st, 1899, after date, we or either of us, I promise to pay to the order of B. M. McGee, and payable at Greenville, S. C., without offset, the sum of seven hundred no-100 dollars, for value received.   Interest after maturity at the rate of eight per cent. per annum until paid, with ten per cent. attorney's fee should this note be collected by law. Interest to be paid or computed annually at same rate until paid in full.                      M. T. Plyler."

On the trial the defendant admitted that he had computed and collected compound interest instead of annual interest, supposing that to be his right.   The Circuit Judge directed a verdict for the amount claimed.

The questions made in the ingenious argument of appellant's counsel have been settled against his contention. Honest belief by the defendant in his legal right to collect compound interest under the terms of the note cannot avail him.   *Bank* v. *Parrott,* 30 S. C., 68, 8 S. E., 199; *Mitchell* v. *Bailey,* 57 S. C., 345, 35 S. E., 581; *Earle* v. *Owings,* 72 S. C., 366. · The case of *Rushton* v. *Woodham,* 68 S. C., 110, 46 S. E., 943, does not apply.   In that case it was held, "the collection of an excess of interest on account of a mere mistake in computation or other error in fact against the intention of the party will not support the charge of usury."   Here there was no mistake of fact made against defendant's intention.   He intended to collect compound interest, and it can make no difference that he supposed he had a legal right to exact the excessive charge.

The position that the defendant did not receive any excess interest which he had *charged* and contracted for, and therefore the transaction did not fall under the last clause of section 1663 of the Civil Code, is equally untenable.   To charge means to lay a burden on.   This is the meaning applied in *Ehrhardt* v. *Varn,* 51 S. C., 550, 29 S. E., 225. The defendant charged and collected a greater rate of inter-

est than the note called for, and though in this particular case the result may seem hard, it is impossible to relieve him . of the penalty imposed by law.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.