### 6542

### MERCHANTS AND PLANTERS' BANK v. SARRATT.

1. USURY—INTEREST.—The calculation of interest at eight per cent. under a contract permitting that rate for a fraction of a year at 30 days for a month, or 360 days for a year, provided it is resorted to in good faith as furnishing an easy method of computation and not as a cover of usury, is not unlawful, and not intended to be overthrown by the usury statute.

2. IT IS USURY to discount a note before maturity at eight per cent. which provides for interest at that rate only after maturity, but payment of discount at the time at eight per cent. by a check is such agreement in writing to pay interest at eight per cent. as takes the case out of the statute.

3. IBID.—If a note on which usury has been collected is paid by another note, usury cannot be charged against the last note as having been collected on the note thus paid.

Before MEMMINGER, J., Cherokee, March, 1906. Affirmed.

Action by Merchants' and Planters' Bank against J. I. Sarratt *et al.* From Circuit judgment, defendants appeal.

*Messrs. J. C. Jeffries* and *H. K. Osborne,* for appellants, cite: *Interest calculated at 8 per cent for 360 days is usury:* Code 1902, 1662; 2 Cowen, 704; 8 Cowen, 399. *Discount at 8 per cent. before maturity is usury:* 30 S. C., 61; 31 S. C., 286; 39 S. C., 193; 55 S. C., 143. *Check in payment of discount is not such writing as will take case out of statute:* 39 S. C., 193. *What is necessary to show renewal of note is payment:* 17 S. C., 489.

*Messrs. Simpson & Bomar* and *W. S. Hall, Jr.,* contra. Mr. Hall cites: *Calculating interest at 360 days for a year does not violate usury law:* Webb on Usury, sec. 137; 30 S. C., 61. *The check in payment of interest at time of delivery of notes takes case out of statute:* 9 Cyc., 299, 579, 581; 55 S. C., 132.

The opinion in this case was filed April 18, 1907, but remittitur held up on petition for rehearing until

May 21, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was upon four promissory notes executed to plaintiff by defendant, J. I. Sarratt, as principal, and defendants S. O. Sarratt and W. C. Carpenter, as sureties; one for $2,000.00, dated November 14th, 1904, payable January 15th, 1905; one for $2,000.00, dated November 14th, 1904, payable February 15th, 1905; one for $1,500.00, dated November 14th, 1904, payable March 15th, 1905; one for $2,000.00, dated December 19th, 1904, payable January 15th, 1905. The notes contained a stipulation to pay 10 per cent. as attorney's fees in case of suit or collection by attorney, and the further stipulation: "If not paid at maturity, interest thereupon to be at the rate of eight per cent. per annum until paid." The defendants made answer admitting the non-payment of the notes, but pleading usury and setting up as counter-claim double the amount of the alleged usury. The jury rendered a verdict for $8,980.11, the full amount claimed. The defendant appeals from the judgment therein on exceptions which are controlled by the following consideration: On November 14th, 1904, J. I. Sarratt was indebted to the Merchants & Planters Bank in the sum of $8,928.96, on account of their previous business dealings, and on that day a settlement was made by the defendant, Sarratt, giving to plaintiff bank five notes, aggregating $8,900.00, and his check for $195.55. This check, dated November 15th, 1904, was to pay $166.59 discount or interest in advance on the several notes, and also to pay $28.96 so as to reduce the principal to even $8,900.00, and on its face expressed that it was for "Int. sundry notes." These five notes included the first three notes in suit, one other for $1,400.00, dated November 14th, 1904, and payable March 15th, 1905, which has been paid and is not in suit, and another note, dated November 14th, 1904, for

$2,000.00, payable December 15th, 1904, which was either paid or renewed by the fourth named note involved in this suit.   This discount or advance interest received by the defendant bank, $166.59, was based upon a calculation of 8 per cent. as the rate, and upon 360 days as representing a year.   Upon these facts appellants raised before the Circuit Court and renew before this Court three questions:

1. Is it usury to take the highest rate of interest allowed per annum on short loans based upon a calculation which treats 360 days as a year?   2. Is it usury to take 8 per cent. as discount or interest in advance on a note which provides for the payment of such rate only after maturity and contains no provision for discount at that rate?   3. If the last question is answered in the affirmative, does a check contemporaneously signed by the maker of the note expressly in payment of said interest comply with the usury statute which allows 8 per cent. as interest or discount when there is "an express agreement" for such rate?

Section 1662 of the Civil Code is as follows: "No greater interest than seven per cent. per annum shall be charged, taken, agreed upon or allowed upon any contract arising in this State for the hiring, lending or use of money or other commodity, either by way of straight interest, discount or otherwise, except upon written contracts wherein, by express agreement, a rate of interest not exceeding eight per cent. may be charged."

With reference to the first question, we think it is not usurious on short loans involving a calculation of interest for months as aliquot portions of a year, or days as aliquot portions of a month, to consider thirty days as a month, or the twelfth of one year.   This method of calculation is, of course, not absolutely accurate, but at the time of the adoption of the usury statute it was so generally understood and employed by all classes of people in matters of business, was so generally taught in the schools of the State from standard works on arithmetic as the principal method of calculating interest, that it is not at all

probable that the Legislature intended by the usury statute to overthrow or interfere with such method. This method is now so generally employed, not only by banks but people in all lines of business, without a thought of usury, but because of its convenience and because it is so generally understood, that it would be startling to stamp such method of calculation as usurious merely because if applied to transactions running for a year or more the result would, be slightly in excess of eight per cent. interest per annum. The law does not stickle over fractional parts of a day in the calculation of interest, hence 182 days would be regarded as one-half year, or 91 days as one-fourth of a year, or 30 days as the twelfth of a year, for that is as close an approximation as may be had without regarding fractional parts of a day. There are 181 days in the first six months of the year and 184 days in the last six months of the year; could it possibly be regarded usury to take one-half of eight per cent. for the first half of the year? Notwithstanding February has only twenty-eight days (except in leap year), may one contract in writing for one-twelfth of eight per cent. on a note dated February 1st and payable in one month? The Supreme Court of Georgia has answered this very question in the affirmative. *Neal* v. *Brockham,* 13 S. E. Rep., 284.

In a very recent case, *Patton* v. *Bank,* 124 Ga., 965, 53 S. E. Rep., 664, 5 L. R. A. (N. S.), 592, the Supreme Court of Georgia has fully and carefully considered the question under discussion and declared that the taking of interest for a portion of a year, computed on the principle that a year consists of 360 days, or twelve months of thirty days, is not usurious, provided this principle is resorted to in good faith as furnishing an easy and practical mode of computation and not as a cover for usury, and to sustain this view cites: *Agricultural Bank* ·v. *Bissell,* 12 Pick., 586; *Planters Bank* v. *Bass,* 2 La. Ann., 430; *Parker* v. *Cunsins,* 2 Gratt, 372, 44 Am. Dec., 388; *Bank of Burlington* v. *Durkee,* 1 Vt., 399; *State Bank* v. *Hunter,* 12 N. C. (1 Dev.

L.), 100; *Planters Bank* v. *Snodgrass,* 4 How. (Miss.), 573; *Camp* v. *Bates,* 11 Conn., 487.

The case note in 5 L. R. A. (N. S.), 592, states that there are but few reported cases upon the subject other than those cited above, and cites such cases.

It appears that in New York a contrary view was declared. *Bank of Utica* v. *Smally,* 2 Cowen, 770, 14 Am. Dec., 528. In Indiana it seems that it was held in *Haas* v. *Flint,* 8 Blackf., 67, according to the synopsis in 47 Cent. Dig., 2214, that it was usury to take in advance interest for six months on a note dated February 7th, 1841, payable 180 days after date. But we think the better rule is that it is not usurious to compute interest according to Rowlett's Tables, by which thirty days constitute a month or 360 days a year. 29 Enc. Law, 2 ed., 490.

It is true that in this State a contract may be usurious although the parties had no corrupt intent to take illegal interest and did not know that the contract was contrary to law. It is usury if one intentionally takes as interest an amount greater than the law allows, *Mitchell* v. *Bailey,* 57 S. C., 345, 35 S. E., 581; *Plyler* v. *McGee,* 76 S. C., 450, but the collection of an excess of interest on account of a mistake in the computation or other error in fact against the intention of the party will not support the charge of usury. *Rushton* v. *Woodham,* 68 S. C., 115, 46 S. E., 943. Nor will the fact that it was the custom of banks to calculate interest by such method operate to relieve the case of usury, if such method was in fact contrary to law. *Bank* v. *Parrott,* 30 S. C., 61, 8 S. E., 199. We, therefore, do not rest our conclusion upon the fact that plaintiff did not intend to take usurious interest, nor upon the fact that it is the custom of banks to so compute interest, but upon the ground that such standard and reasonably correct method of calculation for less periods than a year is not unlawful, and was not intended to be overthrown by the usury statute.

We are constrained to answer the second question in the affirmative under the authority of *Bank* v. *Parrott,* 30 S. C.,

10—77

61, 8 S. E., 199. In that case, the note in question was for $2,000, dated December 19, 1884, payable November 1, 1885, with interest from date at the rate of ten per cent. per annum. At that date it was lawful to contract for ten per cent. interest in writing. The bank discounted the note, which was payable to itself, by adding to the principal the interest at ten per cent. to maturity, making the value of the note at maturity $2,177.78, which sum was discounted at the rate of ten per cent., making the discount $193.50 and net proceeds $1,984.28 paid to the borrower. The Court held that it was not usury to discount the principal at the rate of ten per cent., as the contract in writing authorized it, but while it was lawful to discount the interest at seven per cent., under a parol agreement, it was usurious to discount the interest at ten per cent., as there was no written agreement. By an equal division of the Court in *Newton* v. *Woodley,* 55 S. C., 132, 32 S. E., 531, it was held that a contract made in 1890 providing for the payment of eight per cent. interest in advance, and when not so paid to draw interest until paid at the same rate is not usurious, because it answered the statute requiring an express agreement in writing. Whenever, therefore, eight per cent. interest is taken, the lender to avoid usury must show an agreement to that effect in some writing. Banks avoid this difficulty by providing in the note that it is discountable at such rate. There was nothing on the face of the notes in question showing any such agreement, as the notes provided for interest at that rate only after maturity. It was, therefore, usury to take more than seven per cent. discount of the principal unless there is some other instrument in writing connected with the transaction which authorized discount at eight per cent.

This brings up to the third proposition, whether the check in question amounted to such agreement. The check on its face purported to be for interest on sundry notes and the undisputed evidence makes it clear that it was to pay $166.59, the exact amount of advanced interest calculated

at eight per cent. on a basis of thirty days as the twelfth of
an interest year, as well as a part of the debt due the bank.
It was issued contemporaneously with the giving of the
notes as a part of a transaction evidenced by both notes and
check and is a written admission of the drawer's liability
to the payee at the date of the check for interest on the notes
involved in the transaction to an extent not exceeding the
amount of the check, which is made definite in amount by
the undisputed evidence. The case falls within the principle
of *Bank* v. *Miller,* 39 S. C., 175, 17 S. E., 592, which held
that when an account of a bank charging a customer with
overdrafts and eight per cent. interest thereon is closed by
giving a note embracing the interest charged, the note con-
stitutes an agreement in writing to pay such interest in the
sense of the statute against usury.

The defendant further contended that the notes sued upon
were simply renewals of old notes that had matured on
November 14, 1904, which were themselves renewals of
previous notes, and that some of said renewal notes
were tainted with usury upon the same grounds
which have been discussed, and that such usury
affected the notes in suit. The exceptions founded on this
contention cannot be sustained for reasons already given.
If there was any usury in the notes alleged to have been
renewed it was not shown. Furthermore, the Circuit
Judge, under proper instructions as to what constituted
payment, submitted it to the jury to determine whether as
matter of fact the notes in suit were in renewal or in pay-
ment of the former notes, and the verdict of the jury settles
the conflict in the testimony in favor of the view that the
former notes were paid by the proceeds of the notes in suit.

The Circuit Judge charged the jury that if they found
that the notes in suit were payment of the former notes, they
should reject the defense of usury and the counter claim
based thereon and find for the plaintiff the amount claimed.
The charge of the Court is supported by the principle stated
in *Butler* v. *Butler,* 62 S. C., 165, 40 S. E., 132; *Bird* v.

*Kendall,* 62 S. C., 178, 40 S. E.. 142, and *Milford* v. *Milford,* 67 S. C., 553, 46 S. E., 479, that even if there be usury in notes paid as executed transactions, such usury cannot be set up in a suit on other independent obligations. But under the views we have stated, there was no usury, either in the notes in suit or in the notes paid thereby; hence, there was no error in the charge.

We have not attempted to discuss the exceptions in detail, but all have been carefully considered and are controlled by the principles stated.

The judgment of the Circuit Court is affirmed.

May 21, 1907. Order in open Court.

Upon motion of attorneys for appellants,

It is ordered that the petition for a rehearing herein filed by appellants be and is hereby dismissed, and that the order heretofore granting a stay of remittitur be revoked.