## 9403

### AMERICAN BANK v. SUBLETT.

#### (89 S. E. 319.)

1. Usury—Usurious Transaction—Mistake in Amount of Interest.— Collection of excessive interest by mistake or other error against the intent of the party will not support a charge of usury.

2. Usury—Usurious Transaction—Notes.—If a note on which usury is collected is paid by another note, usury cannot be charged against the last note as having been collected on the note so paid.

3. Banks and Banking —Officers —Mistake—Individual Capacity— Liability.—The fact that the president and former cashier of a bank advised defendant in their individual, and not in their official, capacity did not make the bank responsible to defendant who acted on their mistaken judgment.

Before Prince, J., Greenville, June, 1915. Affirmed.

Action by the American Bank against Mrs. Laura A. Sublett. Judgment for plaintiff on directed verdict, and defendant excepts and appeals.

*Messrs. J. J. McSwain* and *Townes & Earle,* for appellant.

*Messrs. McCollough, Martin & Blythe,* for respondent.

June 28, 1916.
The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against the defendant on a promissory note. The defense was that usurious interest was charged and received by the plaintiff, and that there was misrepresentation on the part of the officers of the plaintiff in obtaining the note from the defendant. The cause was heard before Judge Prince and a jury at the summer term of the Court for Greenville county, 1915, and at the close of the evidence in the case his Honor, upon motion of the plaintiff, directed a verdict in favor of the plaintiff for the sum of $5,184.77. After entry of judgment, defendant appealed, and by exceptions alleges error on the part of his Honor in directing a verdict, and contends that there was evidence of a usurious charge of interest that should have been submitted to the jury; and second, that there was evidence of fraud and misrepresentation by officers of the plaintiff, the president and former cashier, that should have been submitted to the jury.

As to the first question raised by the exceptions: Was there any evidence of a usurious charge of interest, and, if so, can the defendant avail herself of it? The evidence shows that, in 1909, A. T. Sublett, a son of the defendant, borrowed $10,000 from the plaintiff bank for the purpose of buying stock in a mercantile corporation, the R. E. Allen & Bro. Company,

in order that he might get a position with that company. He took the note to his mother, Laura A. Sublett, for that amount, who signed the same as joint maker. This note he delivered to the plaintiff and received $10,000, and purchased stock from the R. E. Allen & Bro. Company. This money was used by R. E. Allen and H. W. Allen for the purpose of paying off a portion of their own indebtedness to the plaintiff. Subsequently $5,000 was paid on this note of $10,000. Then the note sued on was signed by the defendant alone, the other maker, her son, A. T. Sublett, at that time being in Georgia; this made the defendant the original maker of the note sued on. The evidence shows that the officer of the bank, in calculating the interest, made a mistake in that he calculated the interest for 10 months and 21 days, when it should have been 9 months and 21 days. This mistake he rectified in making up his statement, as to the amount due on the note sued on, and credited the account with this error, to wit, the sum of $81.57. Upon this error alone is the charge of usury based, and there was another note other than the one sued on.

"Collection of excess of interest by mistake or other error, against the intent of the party, will not support a charge of usury." *Rushton* v. *Woodham,* 68 S. C. 115, 46 S. E. 943.

"If a note on which usury has been collected is paid by another note, usury cannot be charged against the last note as having been collected on the note thus paid." *Bank* v. *Sarratt,* 77 S. C. 147, 57 S. E. 621, 122 Am. St. Rep. 562, and authorities therein cited.

This exception is overruled.

As to the other exceptions. A careful study of the evidence fails to show that there was any misrepresentation, fraud, or mistake on the part of the officers of plaintiff as charged. The advice given was upon request, and as one friend to another, not made as an officer of the bank in his official capacity. There is not the slightest evidence to sustain these unpleasant charges made against

the officers of the bank by the defendant. The advice was given in good faith by an official of the bank, not in his official capacity, but as one individual to another; and it would be a far-fetched doctrine to hold that, because a person seeks advice and it is given him gratuitously, and he acts on it along with his own judgment and makes a mistake in so acting, he could hold his adviser responsible in damages for mistaken judgment. Under the evidence in the case, there is nothing to base defendant's charges on. Exception overruled.

Judgment affirmed.