### THE STATE v. FULLMORE.

1. ORDER—NUNC PRO TUNC.—It is not error in a Circuit Judge to sign an order after the adjournment of the Court, covering the points announced orally by him in open Court, when the delay arises from the act of the Court.
2. IBID.—TERM TIME.—A Circuit Judge during term time may modify in any respect an order made at that term.
3. NEW TRIAL—MOTION.—Where a motion is made in the Circuit Court for a new trial, the decision of that Court is conclusive on all questions of fact.

Before BENET, J., Orangeburg, January, 1896. Affirmed.

The defendant, S. F. Fullmore, was convicted before a trial justice of receiving stolen goods, and appealed to the Court of Sessions. After argument, the Judge, on 25th of January, signed the following order:

It is ordered, that the appeal be sustained and the case

dismissed, it appearing to the Court that there is a total want of evidence tending to show that the goods alleged in the indictment to have been stolen were stolen. Further ordered, that the defendant be discharged, and that an *exoneretur* be entered on his recognizance.

The above order having been duly filed and entered on the journal of the Court, the defendant was permitted to go without day. Afterwards, to wit: on the 31st day of January, 1896, the presiding Judge stated to Mr. Izlar and the acting solicitor, in open court, that he had determined to amend the original order dismissing the case, and to remand the case back for a new trial, and made the entry on the sessions docket: "New trial ordered," and requested Mr. Izlar, of counsel for the defendant, to prepare an order modifying the former order and judgment, remanding the case for a new trial in trial justice court. The Court of Sessions was still open at this time.

On the 31st day of January, 1896, the Court was adjourned *sine die.* Afterwards the following order was signed by the Circuit Judge (Benet), and, although bearing date the 31st day of January, 1896, was not filed with the clerk of said Court until the 7th day of February, 1896. That last order is as follows, from which the appeal herein is taken:

It appearing to the Court, after due consideration, that while the appeal in the case should have been sustained, the case should not have been dismissed, but remanded back to the trial justice court for a new trial on the merits.

Ordered, that the order dismissing said case, bearing date the 25th of January, 1896, be vacated and set aside in so far as it dismisses said case, and that the said case be remanded to the trial justice court for a new trial on the merits, and that said trial justice do proceed to hear the case *de novo*, subject to the ruling of this Court expressed in the order of the 25th of January, 1896.

Further ordered, that the clerk of this Court do furnish

to the said trial justice certified copies of the two orders made in this case.

The defendant appeals, on the following exceptions:

1st. Because his Honor erred in passing a subsequent order several days after the order sustaining the defendant's appeal, dismissing the case, discharging the defendant, and directing an *exoneretur* to be entered on the journal of the Court, by which he revoked so much of the previous order as dismissed the case, and ordered a trial *de novo* in the inferior court.

2d. Because his Honor erred in signing a subsequent order setting aside so much of the previous order made in the cause as dismissed the case and remanded the case back to the inferior court for a trial *de novo* after the previous order had been entered discharging the defendant and permitting him to go without day.

3d. Because his Honor erred in signing a subsequent order setting aside so much of the previous order made in the cause as dismissed the case, and ordering a trial *de novo* in the inferior court after the Court of Sessions had adjourned *sine die*, notwithstanding the announcement during the term that he intended to make such order, the said order, although having date the 31st of January, 1896, not having been filed with the clerk until the 7th day of February, 1896, seven days after the Court of Sessions had adjourned *sine die*.

4th. Because his Honor erred in amending the first order made in the case dismissing the case, by a subsequent order directing a trial *de novo nunc pro tunc*, after the Court of Sessions had adjourned *sine die*.

5th. Because his Honor was without jurisdiction to make said order.

The following are the exceptions and grounds of appeal on behalf of the solicitor:

First. Because the presiding Judge erred in holding that there was "a total want of proof tending to show that the

goods alleged in the indictment to have been stolen were stolen;" whereas it is respectfully submitted that the testimony adduced on the trial of the case constituted ample proof, and was sufficient to sustain the verdict of the jury.

Second. Because the presiding Judge erred in dismissing the case, in ordering the discharge of the defendant, and in directing that an *exoneretur* be entered upon his recognizance; whereas it is respectfully submitted that, having decided that the appeal should be sustained, the presiding Judge should have remanded the case to the trial justice for a new trial.

Third. Because the presiding Judge erred in sustaining the appeal of the defendant.

*Mr. J. E. Davis*, for appellant, cites, on first point: Crim. Code, sec. 71; Sams *v.* Hoover, 33 S. C., 401; Brickman *v.* R. R. Co., 8 S. C., 173; Steel *v.* R. R. Co., 14 S. C., 324; Wood *v.* R. R. Co., 19 S. C., 579. On second: Molair *v.* R. R. Co., 31 S. C., 510.

*Solicitor Jervey*, contra, cites, on first point: Newhall *v.* Sawyer, 92 U. S., 766; Ex parte Lange, 18 Wall., 167; Bassett *v.* U. S., 9 Wal., 38; Doss *v.* Tyack, 14 Haw., 312; Freeman on Judgments, secs. 38, 90; 1 Bish. Crim. Law, sec. 1298; 1 Bish. Crim. Proc., sec. 1341. On second: Crim. Code, 71.

July 9, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendant was tried and convicted before a trial justice and a jury upon the charge of receiving stolen goods, knowing them to be stolen. He was sentenced to pay a fine of $25 or be imprisoned for thirty days in jail. He appealed from the sentence imposed on him, and the case was heard by his Honor, Judge Benet, who, on the 25th day of January, 1896, made an order which will be incorporated in the report of the case. This order having been duly filed and entered on the journal of the Court, the defendant was permitted to go without day. Thereafter, to

wit: on the 31st day of January, 1896, the presiding Judge
stated to Mr. Izlar and the acting solicitor, in open court,
that he had determined to amend the order made on the
25th day of January, 1896, and remand the case for a new
trial. The presiding Judge thereupon made the entry on the
session docket: New trial ordered. He then requested Mr.
Izlar, of counsel for the defendant, to prepare an order mod-
ifying the former order. At that time the Court of General
Sessions was still open, but adjourned on the 31st of Janu-
ary, 1896, *sine die.* An order was signed by his Honor,
Judge Benet, after the adjournment of Court, and, although
bearing date the 31st of January, 1896, was not filed with
the clerk of said Court until the 7th day of February, 1896.
A copy of this order will be set out in the report of the case,
together with the exceptions on the part of the defendant,
and also those of the solicitor in behalf of the State.

The defendant's exceptions raise practically but two
questions—one is, whether it was error on the part of the
presiding Judge to make and file the order dated the 31st
of January, 1896, after the Court had adjourned *sine die?*
the other question is, whether there was error on the part
of the presiding Judge in modifying his order in the parti-
culars mentioned in the exceptions? It will be noticed that
while the Court was in session, the presiding Judge made
an entry on the docket that a new trial was ordered,
announced his conclusions, and requested one of the
attorneys engaged in the case to prepare the order
carrying out the views which he had expressed. The case
of *Calhoun* v. *Railway Co.*, 42 S. C., 132, lays down the
principle which governs this case. Mr. Chief Justice McIver,
delivering the opinion of the Court, quotes with approval the
following language of Mr. Justice Harlan, in *Mitchell* v.
*Overman*, 103 U. S., 62, to wit: "The adjudged cases are
very numerous in which have been considered the circum-
stances under which courts may properly enter a judgment
or a decree, as of a date anterior to that on which it was in
fact rendered * * * We content ourselves with saying, that

the rule established by the general concurrence of the American and English Courts is, that where the delay in rendering a judgment or a decree arises from the act of the Court—that is, where the delay has been caused either for its convenience or by the multiplicity or press of business, either the intricacy of the question involved or of any other cause not attributable to the laches of the parties—the judgment or decree may be entered retrospectively, as of a time when it should or might have been entered up. In such cases, upon the maxim, *actus curiæ nominem gravabit*—which has been well said to be founded in right and good sense, and to afford a safe and certain guide for the administration of justice—it is the duty of the Court to see that the parties shall not suffer by the delay." The following cases in our reports more or less throw light upon this question: *Aultman* v. *Utsey*, 35 S. C., 596–7; *Chafee* v. *Rainey*, 21 S. C., 11; *Keep* v. *Leckie*, 8 Rich., 164.

Having reached the conclusion that the order filed after the Court had adjourned *sine die* was as effectual as if it had been made and filed in term time, it is scarcely necessary to cite authorities to sustain the principle that the presiding Judge was not in error in modifying his first order in such manner as he saw fit. The principle is well expressed by Mr. Black, in volume 1, section 153, of his work on Judgments, where he says: "The authorities all hold that a court has plenary control of its judgments, orders, and decrees during the term at which they are rendered, and may amend, correct, modify or supplement them, for cause appearing, or may, to promote justice, revise, supersede, revoke or vacate them, as may, in its discretion, seem necessary. Thus an order of record setting aside a verdict may be corrected by the court at any time during the term at which it was rendered. * * * Nor is it only in respect to clerical misprisions or omissions that this power of amendment during the term may be exercised; it also extends to errors of the court. Thus, where the Court makes an erroneous order, under a mistaken view

of the law, it may, during the term, of its own motion, correct the mistake by expunging such order and entering an order in accordance with the law of the case." See, also, *Chafee* v. *Rainey*, 21 S. C., 11. The defendant's exceptions are overruled.

We will next consider the exceptions on the part of the State. The first exception only involves a question of fact, and, in a case like this, cannot be reviewed by the Supreme Court. When a motion is made in the Circuit Court for a new trial, the decision of that Court is conclusive upon all questions of fact. *Hyrne* v. *Erwin*, 23 S. C., 231.

In view of the fact that the order dated 31st of January, 1896, is held by the Court to be valid, and as it corrects the error of which the State complains in the second exception, nothing but an abstract question is presented to this Court, which, of course, will not be considered.

The third exception on the part of the State is too general for consideration. The exceptions on the part of the State are overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.