ROBERTS v. WESSINGER.

JURISDICTION—SPECIAL JUDGE.—A decree made by a special Judge at his
home without the county in which he held the special term and after
the expiration of his commission, in a case marked "heard" by him
on calendar on last day of term, and submitted on written argument
under order taken at that time, will be referred to the day it was
marked "heard" and within the jurisdiction and power of the special
Judge.

Before F. B. GARY, special Judge, Lexington, December,
1903.

Action by Mary J. Roberts, admx., *et al.,* against Eliza-
beth P. Wessinger *et al.* From Circuit decree ordering
sale of property, defendants, I. V. and Elizabeth P. Wes-
singer, appeal.

*Messrs. Efird & Dreher* and *P. H. Nelson,* for appellants.
The former cite: 35 S. C., 192; 7 S. C., 23; 27 S. C., 436;
Thorp. on Pub. Of., 632, 639, 648; Mechem on Pub. Of.,
319, 328, 329.

*Messrs. G. T. Graham* and *Andrew Crawford,* contra,
filed no argument.

June 22, 1904.   The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.   This appeal involves the jurisdic-
tion of a special Judge to file a decree after the expiration of
the time mentioned in his commission for holding the Court.

The facts are thus set out in the record: "That the extra
term of Court commenced on the 16th of November and
continued for two weeks, ending the 28th of November,
1903, and Hon. F. B. Gary was commissioned as special
Judge to hold the extra term. That the case was called
peremptorily on the last day of the term at 12 o'clock M.
Whereupon counsel for plaintiff announced that plaintiff

was ready and proceeded to discuss the case; but counsel for defendants stated that the case could not be heard in time for the Judge to leave Lexington at half-past 3 o'clock, and thereupon counsel for plaintiff insisted that the Court must either sign an order for the sale of the land or hear the case on its merits, calling the attention of the Court to the agreement made in open Court at the September term in reference to the sale of the property, and urging the necessity for the sale of the land in January. The defendants' attorneys opposed the order of sale without a trial of the case, and contended that there was not sufficient time in which to try it. Whereupon the Court said: 'Can't you gentlemen agree to submit your arguments to me in writing?' and thereupon it was agreed by and between counsel for both parties in open court to submit the case to the Court, with leave for counsel for plaintiff and defendant to submit written arguments, and Judge Gary marked the case 'Heard' on Calendar 2. And at the suggestion of counsel for defendants, Mr. Graham prepared the following order, allowing the attorneys additional time in which to submit written arguments * * * Both sides submitted written arguments on the merits, in accordance with the terms of said order; the Judge took all the papers, and on December 10, 1903, filed the following order * * * The special term of Court was adjourned *sine die* by Hon. F. B. Gary on November 28th, 1903, and he went to his home in Abbeville, in which place the above decree was written."

The case of *Rushton* v. *Woodham,* 68 S. C., 110, decides that "the decree will be referred to the date of the hearing *and regarded as filed on that day"* (italics ours)—citing *Keep* v. *Leckie,* 8 Rich., 164; *Aultman* v. *Utsey,* 35 S. C., 596, 14 S. E., 351; *Calhoun* v. *Ry. Co.,* 42 S. C., 132, 20 S. E., 30; *State* v. *Fullmore,* 47 S. C., 34, 24 S. E., 1026; *Mitchell* v. *Overman,* 103 U. S., 62.

This is conclusive of the question under consideration.

Judgment affirmed.