BROOKSHIRE v. FARMER'S ALLIANCE EXCHANGE.

1. REFERENCE.—When calendar 2 is being called at intervals during the trial of cases on calendar 1, order of reference may be made in case on calendar 2, on motion in open court after trial of case on calendar 1, without further notice, one counsel of record being in court, the other not being present and having no notice of intention to make motion.

2. IBID.—APPEAL.—An order calling in creditors and stockholders to file and prove their claims against a corporation is not appealable in an action by a stockholder against the corporation in which an order of reference had been made for ascertaining if the conditions of the corporation were such as required the appointment of a receiver, upon coming in of master's report thereon it was con-

firmed and receiver appointed, the evidence having been taken under agreement that it should be used as if taken on the merits; bond having been executed and accepted, appeal from order appointing receiver was dismissed on motion of appellant because giving the bond vacated that order. Order of dismissal did not have the effect of confirming master's report and overruling exceptions thereto. Nor does the order appealed from deny to the corporation a mode of trial to which it is entitled by law.

Befor Gary, J., Richland, April, 1904.    Affirmed.

Action by H. E. Brookshire against Farmers Alliance Exchange of South Carolina, Limited, *et al.* From order of reference calling in creditors, &c., defendant corporation appeals.

*Messrs. Hunt, Hunt & Hunter* and *Lyles & McMahan,* for appellants.

*Messrs. Jas. S. Verner and Bellinger, Townsend & Haskell,* contra.

April 18, 1905.    The opinion of the Court was delivered by

Mr. Justice Jones. The appeal in this case is from the following order of reference: "On motion of plaintiff's attorneys, after hearing counsel in opposition thereto, it is ordered, that the master do forthwith advertise once in each week, for three weeks, for all creditors and stockholders of the defendants, the Farmers Alliance Exchange of South Carolina, to come in and prove their claims before him, and that he take testimony offered before him as to said claims and report thereon to this Court with all convenient speed."

From this order, defendants appeal upon two grounds: (1) That the order could not be granted without notice to defendant when said cause had not been reached upon any call of the calendar. (2) Because the order granted relief to the plaintiff, which was in its nature final and appropriate

only after the determination of the issues joined by the pleadings.

Respondent has made motion to dismiss the appeal upon the ground that the order is not appealable.

An order of reference to take testimony is ordinarily addressed to the discretion of the Circuit Court and the appeal therefrom will not be entertained unless the order is assailed on jurisdictional grounds. *Simms* v. *Phillip,* 46 S. C., 149, 24 S. E., 97; *Barnwell* v. *Marion,* 56 S. C., 54, 33 S. E., 719; or operates to deny to litigant a mode of trial to which he is entitled by law. *Alston* v. *Limehouse,* 61 S. C., 4, 39 S. E., 192; *Muckenfuss* v. *Fishburne,* 65 S. C., 574, 44 S. E., 77.

Assuming, for the present, that the order is appealable under the first exception, which assails it for want of notice, we do not think the exception can be sustained. The facts in this connection stated in the "Case" are as follows:

1. "At the spring term, 1904, Court of Common Pleas for Richland County, the case stood on calendar 2 for trial as No. 131. On the 22d day of April, 1904, the Court was engaged in the trial of causes on calendar 1, and had been so continuously since the opening of Court, except that cases of calendar 2 had been called up at intervals. On the said 22d day of April, 1904, Messrs. Lyles & McMahan, two of the attorneys for the defendant, being present in Court, having, after a motion, obtained an order for a non-suit in a case which had been tried before the Court and jury, Mr. James S. Verner, of the counsel for the plaintiff, arose and addressed the Court, asking for an order in this cause. Objection was made by Mr. Lyles upon the ground that the defendant had received no notice of any such application; that the said cause had not been reached in any call of calendar 2; that Messrs. Hunt, Hunt & Hunter, the leading counsel for the defendants, were not present in the Court, and had no intimation of the purpose of counsel for plaintiff to apply for said order."

From this it appears that the case was on calendar 2 for trial and subject to be called at intervals during the progress

of the Court. It was, therefore, not necessary to give any further notice of the application for order of reference. *Ferguson* v. *Harrison*, 34 S. C., 172, 13 S. E., 332.

In connection with the second exception, we consider the appealability of the order, as both questions involve a consideration of the present status of the case. The contention of the appellant is that the order appealed from is, in its nature, a final order and appropriate only after the issues are determined, while the contention of the respondent is that the order is a mere administrative order made after the determination of the issues as to the appointment of a receiver. A brief history of the case is therefore necessary in order to determine its present status. The object of the action was to wind up the affairs of the Farmers Alliance Exchange. On March 7th, 1903, a rule to show cause why a receiver should not be appointed was made by Judge Ernest Gary and an order issued in the meantime restraining the defendant from disposing of the funds of the said exchange. On March 21st, 1903, the same Judge made an order, referring the cause to the master of Richland County to take testimony as to the allegations of the pleadings and report the same, with his conclusions of fact, in order that the Court may be fully advised as to the conduct of affairs of said corporation before deciding as to the necessity of the appointment of a receiver, and continued the hearing of the motion to appoint a receiver. It was agreed by counsel on both sides that the testimony taken by the master be construed as taken on the merits of the case, as well as for the purpose of the motion for a receiver. The master filed his report on June 27th, 1903, to which exceptions were taken by defendants. After the filing of the master's report, the consideration of the matter of appointing a receiver was resumed on July 21st, 1903, and Judge Gary, from the pleadings, the report of the master, which he confirmed, and the admitted fact that the capital of the exchange had been used and invested other than as authorized by the charter, adjudged that plaintiff was entitled to an order appointing a

receiver, and accordingly he made an order appointing J. Q. Marshall receiver, "Unless the said corporation shall within ten days from the date of the filing of this order, give a bond in the penal sum of $33,000, being double the value of said property, with sufficient surety, to be approved by the clerk of this Court, conditioned to fully account for and deliver over, whenever hereafter required by any final adjudication in the above entitled cause, the assets and property of said Farmers Alliance Exchange of South Carolina, Limited, and to satisfy any decree, judgment or order that may be made in the case." The order further continued the temporary injunction until the further order of the Court. From this order, an appeal was taken to this Court, which resulted in the following order:

"The order of Judge Gary, made at chambers, from which this appeal was taken, provided for the appointment of a receiver, unless the defendant corporation entered into a bond in the penal sum of $33,000, with sufficient surety. It is agreed by counsel on both sides that the bond provided for in the order of Judge Gary (pursuant to section 265, subdivision 8, of the Code of Civil Procedure), has been given by the defendant corporation and approved by the clerk of the Court of Common Pleas for Richland County within the time required.

"It is, therefore, the opinion of this Court, that a hearing of this appeal is unnecessary, as the entering into the bond on the part of the appellant vacated the order of Judge Gary in so far as the appointment of a receiver is concerned. It is, therefore, upon motion of appellants' attorney, ordered, that the appeal herein be dismissed. (Signed) Y. J. Pope, Chief Justice. January 8th, 1904."

This was the status of the case when Judge Gary passed the order appealed herein. When an appeal from an order is dismissed, all questions made thereunder are, as a rule, deemed to be finally determined. *Muckenfuss* v. *Fishburne*, 68 S. C., 41, 46 S. E., 537. In this particular case, however, the effect of the above order of this Court would not operate

as a confirmation of the report of the master and overruling all exceptions thereto, as if the Circuit Court had considered the whole case on its merits, because Judge Gary, at chambers, was not trying the case on its merits, but was only hearing a preliminary motion for a receiver before judgment on the merits.    Judge Gary's confirmation of the master's report is to be construed as his accepting the facts reported by the master as a basis for his action on the motion for a receiver.    This Court, by this order, expressly declared that a hearing of the appeal therein was unnecessary, because, in the opinion of the Court, the giving of the bond vacated the order in so far as the apopintment of a receiver is concerned. The effect of the bond is to prevent a receivership preliminary to a hearing on the merits and to preserve the property in the meantime.    The case was pending for such a hearing at the time of Judge Gary's last order.    The master made a report, with testimony, which counsel have agreed shall be considered as given upon the merits of the case.    In this report the master says: "The testimony of Mr. J. L. Keitt, one of the directors, taken by me, is to the effect that the corporation owes no debts, but the attorney for the defendants, M. L. Donaldson and J. C. Coitt, took the position that he was not called upon either by the said order of reference or the agreement herein to prove at this reference their claims, and I so ruled against the contention of the attorneys for the corporation."

In this situation of affairs it was perfectly competent for Judge Gary to issue the order in question as an administrative order, calling in creditors and stockholders to establish their demands.    Such information would enable the Court on a final hearing to determine the solvency or insolvency of defendant corporation, the necessity for the appointment of a receiver, after a hearing on the merits, and to make final disposition of the assets of the defendant corporation, in the event the Court should finally determine to take control of and administer the same.

The order is not assailable on jurisdictional grounds, and does not deny to the defendant corporation a mode of trial to which it is entitled by law.    It is, therefore, not appealable.

The appeal herein is dismissed.