8458

### STOKES v. MURRAY.

1. JURISDICTION—NEW TRIAL.—A special Judge commissioned to hold a regular term of Court in two counties has no jurisdiction to grant a new trial in a case in which he granted a nonsuit in open Court, after he had adjourned his last Court *sine die* and after the expiration of the time for holding Court in that county, no motion for new trial having been made by either party at any time, and no notice having been given of the intention of the Judge to make the order.

2. THE APPEAL in this case having been dismissed by Circuit Court, defendant is given the right to prosecute it after time.

Before HENRY MULLINS, special Judge, Lee, April, 1910. Reversed.

Action by J. L. Stokes *et al.* against William M. Murray. Defendant appeals.

*Messrs. Thos. H. Tatum, J. B. McLaughlin* and *A. B. Stuckey,* for appellant. *Mr. Stuckey* cites: *Title by presumption:* 2 Strob. 29; 2 McM. 495; 48 S. C. 282; 78 S. C. 334; 71 S. C. 332.

*Mr. Tatum* cites: *Special Judge had no jurisdiction to make the order of new trial:* Code Proc. 1912, 324, 325; 14 S. C. 104, 428, 517; 31 S. C. 510; 42 S. C. 132.

*Messrs. L. D. Jennings* and *McLeod & Dennis,* contra. *Mr. Jennings* cites: *Circuit Court cannot extend time for perfecting appeal:* 12 S. C. 559; 14 S. C. 166; 16 S. C. 112; 49 S. C. 374; 74 S. C. 401; 52 S. C. 505; 66 S. C. 539; 71 S. C. 426; 85 S. C. 262. *Granting new trial of his own motion before adjournment of Court and signing order after adjournment of Court is valid:* 42 S. C. 132; 35 S. C. 596. *No written notice of intention to appeal was given:* 30 S. C. 607; 56 S. C. 54.

March 15, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This was an action for the recovery of real estate and damages, commenced in July, 1909. An action for the recovery of the same property was commenced by an ancestor of the plaintiffs in 1905, who died during the pendency of the suit and the plaintiffs were substituted.   Upon the first trial of the case, plaintiffs took a voluntary nonsuit and afterwards brought this action.   This is the second action.   The case was called for trial at the Spring term of Court, 1910, for Lee county, before the Honorable Henry Mullins, special Judge, and a jury.   At close of plaintiff's testimony, the Judge granted a nonsuit.   Immediately after nonsuit was granted, the plaintiffs served notice of intention to appeal to this Court.   On the same day that this case was ended the Court of Common Pleas for Lee county adjourned *sine die.*   On the 14th day of April, fourteen days after adjournment of Court, Special Judge Mullins, without any motion or hearing thereon, but of his own motion, filed an order granting a new trial.   Defendants served notice of intention to appeal from this order, but failed to perfect it.

When the next term of Court for jury trials convened for Lee county and this case was called for trial, the presiding Judge dismissed the appeal, holding that it was mandatory under the law and not a matter within his discretion.   All

of the objections made by the defendant to going to trial being overruled by the Court, the trial proceeded and finally terminated in the Court directing a verdict for the plaintiffs.

An appeal was taken and the exceptions, nineteen (19) in number, were made. It is unnecessary to consider them all. Exceptions, 2, 4, 5, 12, 13 and 14 question the validity of Judge Mullins' order in granting a new trial and in setting aside the order of nonsuit made by him in open Court during the trial after Court had adjourned *sine die* and he had left the Circuit and made an order without notice to any one and on his own motion. These exceptions must be sustained. By law, the Court of Common Pleas for Lee county adjourned on the 2d day of April, as an investigation of the acts of the legislature of 1908, fixing the time of Courts for the third Circuit, will show. Judge Mullins granted the nonsuit on April 1, 1910, in open Court. Court adjourned *sine die* April 2, 1910. On April 14, 1910, he made the order granting a new trial and filed it on that day. No motion was made by any one for it. No notice was given to either side of what he intended to do. He made no entry on the docket that he intended in any manner to consider it, while Court was in session and before it was adjourned *sine die*. He was commissioned as special Judge to hold the Court of Common Pleas for Williamsburg and Lee counties only, and while it is true, if he had heard the motion in the cause before Court adjourned, he could have reserved his decision therein and decided it later, when he adjourned the Court and another Court in the regular order in the Circuit was scheduled to commence at Sumter the following Monday after Court was adjourned for Lee county, he was without either authority or jurisdiction to pass any order in this case. "A verdict obtained by a plaintiff in the regular course of proceeding cannot be vacated and set aside by the Circuit Judge upon an *ex parte* application and without notice to plaintiff. An order of the Circuit Court setting aside a verdict for the plaintiff without notice to him is

appealable and no motion need be made in the Circuit Court to set aside the order." *Ex parte Williams in re Campbell* v. *County of Charleston,* 7 S. C. 71.

The Judge having signed an order for nonsuit, he lost jurisdiction to pass an order to set it aside after he left the Circuit, no notice having been given to any one while Court was in session that such an order would be asked for and no motion having been made before him for such an order while Court was in session. *Brewton* v. *Shirley,* 93 S. C. 365, 76 S. E., 988.

The order made after he left the Circuit and his commission had expired was a nullity and should be reversed.

The judgment of this Court is that the order of Special Judge Mullins appealed from is reversed and case remanded, without prejudice to the rights of plaintiffs, to perfect their appeal from his order of nonsuit made while Court was in session, if they be so advised.