8869

## LUMMUS COTTON GIN CO. v. COUNTS.

### (82 S. E. 391.)

PARTIES.  CONTINUANCE.  PLEADINGS.  RULES OF COURT.

1. The order in which cases on the calendar shall be called for trial, the hours for sessions of the Court, and the granting or refusing of motions for continuance, either within or beyond the term, are in the discretion of the trial Court, and the exercise of that discretion will not be interfered with unless it is clearly made to appear that it was abused.

1*a*. Where a cause was properly docketed for trial, the defendant could not complain that it was reached and ordered to trial before those ahead of it on the calendar were tried or disposed of, where it did not appear that, by relying in good faith and for good and sufficient reasons upon the belief that the cases ahead of his would be tried, he was caught unawares and unprepared for trial, and though his attorney stated that defendant was out of the city, it did not appear that he was needed as a witness, or for any other purpose, and his attorney, though asked, did not say that he had a meritorious defense and did not offer any evidence.

2. Objection to the call of a cause on the calendar for trial is waived by consent that it be marked "heard," and referred to a special referee to take and report the testimony to the presiding Judge.

3. Where a case is, by consent, marked "heard" in open Court, and referred to a referee to take and report the testimony to the presiding Judge, a decree by such Judge based on such report is to be regarded as rendered in open Court.

3*a*. Where defendant, when his cause was called for trial on the last day of the term, agreed that it should be marked "heard" and referred to a referee to take and report the testimony, the date of the reference being fixed in the order by his consent and for his convenience, he could not complain that this was done, or that the referee failed to give four days' notice of the reference, and filed his report with the Judge after he had adjourned Court and left the Circuit, instead of with the clerk, or that the Judge signed and filed a decree and judgment after the adjournment of Court, based upon the testimony and proceedings before the referee.

4. An agreement that a cause be marked "heard," and referred to a referee to take and report the testimony for the purpose of such hearing, made orally, in open Court and noted by the Judge, is binding upon the parties.

4*a*. Under Circuit Court rule 14 providing that no agreement or consent between the parties or their attorneys respecting the proceedings in

a cause shall be binding unless reduced to the form of an order by consent and entered, or in writing subscribed by the party against whom it shall be alleged, or unless made in open Court and noted by the presiding Judge or stenographer on his minutes by the direction of the presiding Judge, it would be presumed that an agreement that a case should be marked "heard" and referred to a referee to take and report the testimony was noted by the presiding Judge where nothing appeared to the contrary, especially where it was mentioned in the decree.

5. Allegations as to plaintiff's corporate capacity are not placed in issue by allegation of lack of knowledge or information sufficient to form a belief as to their truth.

6. Allegations of complaint not denied in answer are admitted.

Before RICE, J., Laurens, April, 1913.    Affirmed.

Action by Lummus Cotton Gin Company against D. H. Counts.   From judgment for plaintiff, defendant appeals. The decree appealed from was as follows:

"This is an action for the foreclosure of a chattel mortgage and sale of the property therein described.   It was commenced by the service of a summons and complaint on the defendant on the 22d of November, 1912.   Within due time the defendant answered.   Within twenty days after answering, plaintiff's attorneys, to wit, on the 27th day of December, 1912, served an amended summons and complaint on the defendant.   To this complaint the defendant answered.

"The case comes on for trial before me at this, the April, term of Court of Common Pleas for Laurens county. After some argument in open Court, counsel for plaintiff and defendant agreed I should mark the case heard, refer it to H. S. Blackwell, Esq., as special referee to take testimony, and that his report should be submitted to me within two weeks.   It was also agreed, and the order of reference so provided, that a reference should be held herein on Tuesday, May 13th.

FOOTNOTE.—See *Brookshire* v. *Farmers' Alliance Exchange,* 71 S. C. 452, 51 S. E. 442, as to call of cases on calendar 2.

"The referee has filed his report, together with a copy of the proceedings, and testimony taken by him.

"Upon an examination of the pleadings, I find and hold that the allegations of paragraph 1 of the complaint are not in issue; that paragraphs 2, 7, 8, 9, 10, 11, 12, 13 and 14 are not denied by the answer of the defendant, and are, therefore, to be considered even in the absence of testimony, as admitted and true. A general denial is interposed to the allegations of paragraphs 3, 4, 5 and 6. These, however, are proven by the testimony.

"By simply referring to these undenied or admitted allegations of the complaint, it appears that the plaintiff is entitled to judgment against the defendant, D. H. Counts, for the full amount sued for, with interest and attorneys' fees, for the foreclosure of the purchase money contract, or chattel mortgage, described therein, and for a sale of the mortgaged property, the machinery and personal property therein mentioned and described.

"Upon consideration of the testimony reported by the said special referee and the pleadings herein, and upon motion of Dial & Todd, plaintiff's attorneys, it is ordered, adjudged and decreed, that the plaintiff, Lummus Cotton Gin Company, have judgment against the defendant, D. H. Counts, for the sum of thirteen hundred and thirty-nine and 20-100 dollars ($1,339.20), together with the sum of one hundred and twenty-nine and 99-100 dollars ($129.99), interest due to May 13th, 1913, and together with the further sum of one hundred and forty-six and 91-100 dollars ($146.91), as attorneys' fees, amounting in the whole to the sum of sixteen hundred and sixteen and 10-100 dollars ($1,616.10).

"It is further ordered, adjudged and decreed, that the cotton ginning machinery and other personal property hereinafter described, or so much thereof as may be necessary to pay the amount due, with interest and costs, be sold," etc.

The exceptions were as follows:

"1st. Because his Honor, the presiding Judge, erred in not sounding the docket or calling the cases on calendar 2 to ascertain what cases were ready for trial at the April term of Court for Laurens county, 1913.

"2d. Because his Honor erred in calling this case for trial, it being No. 152 on the calendar, after the hour had arrived for the adjournment of the Court for the day, Friday, May 9th, 1913, and just on the eve of the adjournment of the April term of Court *sine die.*

"3d. Because his Honor erred in calling this case peremptorily for trial out of its order on the docket, and ruling that the case must proceed for trial after counsel for defendant had stated:

"(a) That his client was not in Court, and that he was out of the city, having left on the evening train for Columbia;

"(b) And after defendant's counsel had stated that he was fatigued and worn out, having been engaged in trial of jury cases for several days;

"(c) And after the day was over and darkness of night present;

"(d) And after counsel for defendant stated that he was not ready for trial, and did not expect any cases on calendar 2 to be taken up that evening.

"4th. Because his Honor erred in marking the case 'heard' when no testimony had been taken in the case.

"5th. Because his Honor erred in referring the case without consent of the defendant's attorneys to H. S. Blackwell, as special referee, to hold a reference on Tuesday, the 13th day of May, 1913, for the purpose of taking testimony in said case.

"6th. Because the special referee erred in holding a reference in said case without having given four (4) days' notice of said reference.

"7th. Because the said referee erred in not filing his report and testimony with the clerk of Court of Common Pleas for Laurens county.

"8th. Because the special referee erred in filing his report with Hon. Hayne F. Rice, presiding Judge of the Court of Common Pleas for Laurens county, when the said Judge had adjourned said Court *sine die,* and had left the Circuit.

"9th. Because his Honor, the Circuit Judge, erred in holding that counsel for plaintiff and defendant agreed that his Honor, the presiding Judge, should mark the case 'heard,' refer it to H. S. Blackwell, Esq., as special referee, to take testimony, and that his report should be submitted to the presiding Judge within two weeks; and his Honor also erred in holding that it was agreed that a reference should be held in said case on Tuesday, May 13th.

"10th. Because his Honor erred in finding and holding that the allegations of paragraph 1 of the complaint are not in issue.

"11th. Because his Honor erred in holding that the allegations contained in paragraphs 2, 7, 8, 9, 10, 11, 12, 13 and 14, having not been denied by the answer of the defendant, are to be considered, even in the absence of testimony, as admitted and true.

"12th. Because his Honor erred in hearing the said case and trying the issues in said case, and signing and filing a decree and judgment in said case after he had adjourned the April, 1913, term of Court of Common Pleas for Laurens county *sine die,* and had left the Circuit, as he had no power or jurisdiction to try said case and render judgment therein.

"13th. Because his Honor erred in hearing and trying the issues in said case, and signing and filing a judgment and decree in said case, based upon the testimony and proceedings had before H. S. Blackwell, referee, on less than four (4) days' notice, and upon report of said referee, which had not been filed with the clerk of Court of Common Pleas for Laurens county.

"14th. Because his Honor erred in hearing and trying said case and signing and filing a decree in said case after he had been notified that the defendant, D. H. Counts, had been adjudicated a bankrupt under the United States bankrupt laws, and enjoined and restrained by his Honor, H. A. M. Smith, U. S. District Judge, from selling and disposing of any of his property, except in the usual course of business.

"15th. Because his Honor erred in ordering and adjudging that the plaintiff, Lummus Cotton Gin Company, have judgment against the defendant, D. H. Counts, for the sum of sixteen hundred and sixteen and 10-100 dollars ($1,616.10), when it appears that the principal, interest and attorney's commissions on the three notes sued upon and alleged to be due by the defendant, D. H. Counts, amounted to only sixteen hundred and twelve and 46-100 dollars ($1,612.46).

"16th. Because his Honor erred in ordering, adjudging and decreeing that the defendant's property be sold by the sheriff, and out of the proceeds arising from said sale after deducting the amount of the costs and expenses of this action and of such sale, said sheriff shall pay to the plaintiff, or its attorneys, the amount of the judgment, sixteen hundred and sixteen and 10-100 dollars, when it appeared that the judgment should have been only sixteen hundred and twelve and 46-100 dollars, if the defendant had owed the notes sued upon."

The other facts relative to the questions on appeal are stated in the opinion of the Court.

*Messrs. Richey & Richey,* for appellant, submit: *Cases should be called in order on calendars:* Code Civil Proc. 314. *Referee's report should have been filed in clerk's office:* Circuit Court Rule 16; Code Civil Proc. 332; Civil Code, sec. 3940. *Judge lost jurisdiction on adjourning the Court for Laurens county:* 30 S. C. 614. *Consent to order*

*of reference, and hearing, not in writing:* Circuit Court
Rule 14; 71 S. C. 512.

*Messrs. Dial & Todd,* for respondents, cite: *Decree will
be referred to date when cause was marked "heard."* 68
S. C. 110; 8 Rich. 164; 35 S. C. 596; 42 S. C. 132; 47 S. C.
34; 103 U. S. 62; 69 S. C. 283. *Denial of knowledge or
information as to corporate capacity insufficient:* 8 S. C.
111; 21 S. C. 33; 25 S. C. 309; 26 S. C. 164; 35 S. C. 367;
79 S. C. 383, 564. *Allegations in complaint not denied are
admitted:* 35 S. C. 165; Code Civil Proc. 199. *Adjudica-
tion in bankruptcy was not final judgment, and was reversed
by Circuit Court of Appeals.*

July 7, 1914.
The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.
The following statement is taken from the record:
"This action was commenced by the plaintiff named
above against the defendant named above by the service of
a summons and complaint on the defendant on the 22d day
of November, 1912. Within twenty days the defendant
served his answer in said case. Within twenty days there-
after plaintiff served an amended summons and complaint;
and within twenty days thereafter the defendant served
his answer to the amended complaint. The pleadings were
made up on January 16th, 1913, and were all verified. The
case was placed on calendar 2 of the Court of Common
Pleas for said county for the April (1913) term of said
Court, and was No. 152 on the docket. Only two weeks is
provided by law for the April term of the Court of Com-
mon Pleas for said county. The whole of the second week,
up to the usual hour of adjournment on Friday, was taken
up with the trial of jury cases. Some time during the
morning session on Friday the presiding Judge announced
in open Court that, on account of sickness in his family,

he would not hold Court on Saturday (the next day). After the usual hour for adjournment on Friday, but while the Court was still in session, the presiding Judge, at the request of plaintiff's counsel, called this case up for disposition, plaintiff's counsel asking that it be heard. Defendant's attorney strenuously objected to going on trial, stating that he was very tired; that his client was not then in town; that his client had been adjudged a bankrupt and enjoined from disposing of his property, etc., etc. Plaintiff's attorney insisted on a trial, stating in substance that he had fully apprised defendant's attorney of his intention to press for trial at this term at the first opportunity, etc., etc.; that defendant lived in the city of Laurens, and that he, plaintiff's counsel, had seen him in town that day. After considerable discussion of the matter by counsel on both sides, other than is set out above, the Court announced that the case would have to go to trial. The decree states what further occurred."

In settling the "Case," the presiding Judge reported: "In justice to the presiding Judge for making what appears to be a very summary disposition of the case, it should be stated that I was impressed by what passed before me between counsel engaged in the case with the idea that the defendant had no defense, but was fighting for delay. For my own satisfaction, I called upon Mr. Richey, Sr., who was in charge of the case, to state whether or not it was his opinion, from what he knew of the case, that the defendant had a good defense. Mr. Richey would not answer this inquiry in the affirmative, but said he did not know. This incident served to confirm the opinion already formed. The Court was not called to hear any other matter on calendar 2. The day of reference was fixed early in the week to suit the convenience of Mr. Richey, Sr., who stated that he would be out of town the latter part of the week."

In cases too numerous to mention, it has been held that matters pertaining to the trial of causes, including the

hours of the sessions of the Court, and the granting or refusing of motion for continuance, either within or beyond the term, are in the discretion of the trial Court, and that the exercise of that discretion will not be interfered with by this Court, unless it is clearly made to appear that it was abused, in other words, that the exercise of it was manifestly erroneous and prejudicial to the appellant.

The issues having been made up by the pleadings, the case was properly docketed for trial, and no other or further notice that it would be called for trial was necessary (Code Proc., sec. 314), although it seems that plaintiff's attorney did give defendant's attorneys ample and timely notice that he would press for trial at the next ensuing term. While cases usually are, and, as a rule, ought to be disposed of in the order in which they are placed on the calendar, those first on the calendars having the prior right of trial, yet this rule is not invariable or absolute. The trial Judge should be allowed some discretion in dispatching the business of the Court. At any rate, it cannot be successfully contended that a defendant in a cause at the foot of one of the calendars has any right to demand that every case ahead of his shall be disposed of before his can be tried. Those ahead of him may waive their priority of right to trial. In this instance, they appear to have done so, as none of them were in Court demanding their priorities, or are now complaining. The defendant has no right to complain, because, by their failure to do so, his case was reached and ordered to trial sooner than it otherwise would have been, unless by relying, in good faith and for good and sufficient reasons, upon the belief that the cases ahead of his would be tried, he was caught unawares and unprepared for trial. If this had been so, he should have made it appear by affidavit. But such was not the fact, for the plaintiff had given him timely notice that he would press for a trial at the first opportunity. Moreover, the defend-

ant did not attempt to show that he would suffer any legal prejudice by having his case ordered to trial. His attorney stated that defendant was out of the city, but he did not say that he wanted to use him as a witness, or that he needed him at the trial for any other purpose, and could not safely proceed in his absence. On the contrary, when asked by the Court if he had a meritorious defense, he said he did not known, and, notwithstanding opportunity was afterwards given him to prove any defense available to him under the pleadings, he offered no evidence whatever; and has not offered any good reason for his failure to do so. To reverse a judgment, under such circumstances and for such reasons, would bring the administration of justice by the Courts into merited contempt. This disposes of the first three exceptions. But every good ground raised by these exceptions was waived, when the appellant agreed that the case should be marked "heard," and that it should be referred to a special referee to take and report the testimony to the presiding Judge, the date of the reference being fixed in the order by his consent and for his convenience. It necessarily followed that the decree was to be based upon the testimony so taken and reported, just as if the case had actually been heard by the Judge in open Court, and his decision reserved. *Roberts* v. *Wessinger,* 69 S. C. 283, 48 S. E. 248. The consent of defendant's attorney to marking the case "heard," and to the order above referred to, concludes him as to the points raised by the 4th, 5th, 6th, 7th, 8th, 9th, 12th and 13th exceptions.

Appellant contends, however, that he did not, in fact, agree that the case be marked "heard," or consent to the order of reference. Perhaps, it would be more accurate to say that his contention is that the record does not show affirmatively that he did so agree and consent, except the statement of the Circuit Judge in his decree that he did, and the statement of the plaintiff's attor-

10—98.

ney to that effect before the referee, which was made in response to defendant's objections to the reference. The statements of both attorneys as to that matter were taken down by the referee, and reported to the Court. The appellant relies upon rule 14 of the Circuit Court, to wit: "No agreement or consent between the parties, or their attorneys, in respect to the proceedings in a cause shall be binding, unless the same shall have been rendered to the form of an order by consent and entered; or unless the evidence shall be in writing, subscribed by the party against whom the same shall be alleged, or by his attorney or counsel; or unless made in open Court and noted by the presiding Judge or the stenographer on his minutes by the direction of the presiding Judge."

It will be seen that the rule applies to all agreements and consents between the parties or their attorneys, whether made in or out of Court. But it will be noted also that the rule makes a material difference between those made out of Court and those made in Court. The latter need not be in writing, but need only be noted by the presiding Judge, or by the stenographer, under his direction. It does not appear that the agreement in question was not noted by the presiding Judge. Nothing appearing to the contrary, we are bound to presume that it was. *Ex parte Pearson,* 79 S. C. 302, 60 S. E. 706. Moreover, it may be inferred from the record that it was, in fact, noted by the Judge, since he mentioned it in his decree.

In the first paragraph of the complaint, the corporate existence of the plaintiff is alleged. In the first paragraph of the answer it is denied, as follows: "The defendant alleges that he has neither 'knowledge nor information sufficient to form a belief as to the truthfulness of the allegation contained in paragraph one of the complaint, and therefore denies the same.'" This amounts to nothing more than a general denial, and does not put in

issue the plaintiff's corporate existence or capacity to sue. *Steamship Co.* v. *Rogers,* 21 S. C. 27.

The second paragraph of the answer admits the allegation of the second paragraph of the complaint. The third denies the allegations of paragraphs 3, 4, 5 and 6 of. the complaint. Nothing at all is said as to the allegations contained in the other paragraphs of the complaint. Section 219 of the Cod eof Procedure provides that every material allegation of the complaint not controverted by the answer, as prescribed in section 199, shall, for. the purposes of the action, be taken as true. It follows that there was no error in taking as true all the allegations of the complaint, except those contained in paragraphs 3, 4, 5 and 6.

The statement by defendant's attorney that defendant had been adjudged a bankrupt by the Federal Court and enjoined from disposing of his property and the exception based thereon need not be considered, as it turned out that the order was reversed, as having been erroneously made.

Upon calculation of the amount due on the notes sued on, we find an error of $2.05 against the defendant. In other words, the judgment was too great by that amount, and must be reduced accordingly. It is, therefore, the judgment of this Court that the judgment of the Circuit Court be reduced in amount two and 05-100 dollars, and that, so reduced, it be affirmed.