14018

EAGERTON v. ATLANTIC COAST LINE R. CO.

(178 S. E., 844)

*Mr. F. L. Willcox,* for appellant,

*Messrs. Baker & Baker,* for respondent,

March 15, 1935.

The opinion of the Court was delivered by MR. M. M. MANN, ACTING ASSOCIATE JUSTICE.

This case, an action for damages, was tried before Hon. R. W. Sharkey, Judge of the Civil Court of Florence, on the 26th day of June, 1934. At the conclusion of all the testimony, on motion of defendant, a verdict was directed in defendant's favor. The June term of the Court at which the case was tried adjourned *sine die* on Saturday, June 30th of the same week. No motion was made for a new trial, nor was any entry of any motion whatsoever looking to a revision or reversal of said order entered on the minutes of the Court. The defendant had no notice of any further intended action by the trial Judge. No notice of intention to appeal was given within the time allowed by law. On the 6th day of July, six days after the adjournment of the Court

*sine die,* there was filed in the office of the Clerk of the Court an order by the trial Judge purporting to set aside the directed verdict, which order bore date July 5th. On the 6th day of July judgment upon the verdict was duly entered.

The appeal is from the order purporting to grant a new trial and a single jurisdictional question is raised.

Has a trial Judge the power and right, after the adjournment of the Court *sine die,* to pass an order which reverses or modifies the order made in term time?

It is such a well-settled principle of law in this State that, when a trial Judge adjourns his Court *sine die,* he loses jurisdiction of a case finally determined during that term, except under special circumstances, as where either by consent or acquiescence of counsel for both sides, or postponing determination of motions duly entered during the sitting of the Court, or in some cases where supplemental orders germane to and carrying out the order duly made, and not inconsistent therewith, may be passed, that any extended discussion thereof is deemed unnecessary.

That Judge Sharkey lost jurisdiction of the case when the Court adjourned *sine die* in so far as the character of the order appealed from is concerned is clear. That such order was entirely null and void follows as a matter of course. See *Garlington v. Copeland,* 32 S. C., 57, 10 S. E., 616; *Hughes v. Cypress Shingle Co.,* 51 S. C., 1, 28 S. E., 2; *Brewton v. Shirley,* 93 S. C., 365, 76 S. E., 988; *Stokes v. Murray,* 94 S. C., 18, 77 S. E., 712.

The order appealed from is reversed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE PHILIP H. STOLL concur.