14893

BURNS v. BABB

(3 S. E. (2d), 247)

Reversed and remanded for new trial.

*Messrs. J. Robt. Martin* and *J. Robt. Martin, Jr.,* for appellant,

June 8, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an action for personal injury in which actual and punitive damages were sought.

Upon a trial of the case the jury rendered a verdict as follows: "We find for the plaintiff Twenty-five Hundred ($2,500.00) Dollars punitive damages." When this verdict was published the trial Judge asked if there was any objection to it, and received no response from either side. A motion for a new trial was noted by defendant (respondent) within the term, which by consent was marked "heard." This was at the September term of Court. At the November term of the Court, the motion for a new trial was taken up, the defendant (respondent) submitting in writing the grounds of the motion, and furnishing a copy thereof to plaintiff's (appellant's) counsel, the first ground being: "1. The plaintiff having by his action, sought damages for traumatic injuries, the verdict of the jury for punitive damages alone, expressly refuted a finding as to actual damages, thereby rendering a verdict improper and of no avail."

Before any argument was made, and while defendant's (respondent's) counsel was reading to the Court the grounds of the motion for a new trial, plaintiff's (appellant's) counsel stated to the Court that plaintiff (appellant) would consent to a new trial upon defendant's (respondent's) first ground, which is set out above.

It was then and for the first time that defendant's (respondent's) counsel made an additional motion, based upon the character of the verdict and the holding of this Court in

the case of *Cook v. Atlantic Coast Line R. Co.*, 183 S. C., 279, 190 S. E., 923, to set aside the verdict and enter judgment for the defendant (respondent) *non obstante veredicto*.

"Plaintiff's (appellant's) counsel in oral argument attempted to distinguish the *Cook case* from the case at bar. Whereupon, the trial Judge stated that the only question he was concerned with was whether or not he was bound by the *Cook case* and that he would allow plaintiff (appellant) to submit written brief on that point. The same day plaintiff (appellant) submitted brief, his main contention being that the court was without jurisdiction to entertain such motion and that such issue was not timely made."

We now quote from the order from which the appeal is taken:

"During the trial of this case, the Court was under the impression and so charged the jury as a matter of law, that contraband liquor is not subject to larceny. I am now convinced that I was in error, in this part of the charge. and certainly would have granted a new trial on this ground. I am now further of the opinion, that a nonsuit should have been granted when requested.

"However, since plaintiff by his action is seeking damages solely for bodily or traumatic injuries, the finding of the jury for punitive damages alone, in view of the principle announced in the *Cook case* above cited, expressly refutes the finding of the jury as to actual damage, and the jury having absolved the defendant of inflicting actual damages upon the plaintiff, then there is no legal liability upon which to predicate a verdict for punitive damages, and there remains nothing for this Court to do except set aside the verdict of the jury and enter judgment for the defendant and,

"It is so ordered."

The notice of appeal is worded as reproduced below: "Please Take Notice, That the plaintiff intends and does hereby appeal to the Supreme Court of the State of South Carolina from the Order of Judge Mann in the above-stated

case, and will ask the said Supreme Court to reverse the ruling of said Order and for judgment on the verdict in favor of the plaintiff, and failing in that, ask the Supreme Court to grant a new trial *de novo*."

Appellant's first three exceptions raise the issue that the trial Judge was without jurisdiction to hear any motion in the cause, under the circumstances hereinbefore related, other than the motion for a new trial.

With this position we are in accord. The identical question was passed upon in *Rhodes v. Southern Ry. Co.,* 139 S. C., 139, 137 S. E., 434, 436, and we quote from the opinion in that case:

"When the verdict of the jury, quoted in full above, was returned, counsel for plaintiff stated to the court that he thought it would be proper to instruct the jury about the wording of the verdict and get it in the usual form. The trial judge announced that he thought the verdict was perfectly plain. Attorneys for the defendants made no motion or any comment as to the form of the verdict. After the verdict was rendered and the jury discharged, the attorneys for the railway company made a motion for a new trial. This occurred late at night and by consent of all parties it was agreed that this motion would be heard at Laurens, after the final adjournment of the court of common pleas of Greenwood county. The trial judge entered the motion for a new trial on the calendar, and marked it 'heard.' No other entry was made.

"When the attorneys for the parties appeared at Laurens to argue the motion for a new trial, the plaintiff's attorney announced that he was not averse to the granting of the motion, and Judge Shipp stated that he would grant the same, but the attorney for the appellant withdrew that motion. The appellant's attorney then moved that the verdict in the cause be set aside, and judgment entered for the defendants generally, upon these grounds, stated briefly: (1) That the only negligence charged in the complaint against the rail-

way company were acts of negligence alleged against the engineer, Carter, and that the verdict of the jury having acquitted Carter, thereby the railway company was also acquitted; (2) that the verdict established the fact that the escaping steam was beyond the control of the engineer, and that the evidence showed that the only steam which was beyond his control was that which escaped from the safety valve; (3) that, under the testimony and verdict, it would be improper to allow a verdict against the railway company to stand, since there is no act of negligence alleged or proved to sustain the same. Judge Shipp held that he was without jurisdiction to set aside the verdict; all he could do was to entertain the motion for a new trial; and in that holding we think he was correct.

"Counsel for appellant cites the cases of *Roberts v. Wessinger,* 69 S. C., 283, 48 S. E., 248; *Lummus Cotton Gin Co. v. Counts,* 98 S. C., 136, 82 S. E., 391; *Stokes v. Murray,* 94 S. C., 18, 77 S. E., 712; *Rushton v. Woodham,* 68 S. C., 110, 46 S. E., 943, and *State v. Fullmore,* 47 S. C., 34, 24 S. E., 1026, to show that the circuit judge had jurisdiction of the motion made by the appellant. We do not think these cases are in point here. In the case at bar, when the judge marked the motion for a new trial 'heard', it gave him full authority to hear that motion, and the cases cited here are authority to that effect. They do not bear out the contention of the appellant that, after the court of common pleas of Greenwood county had adjourned *sine die,* the judge had the right to set aside the verdict and judgment.
*    *    *"

In *Eagerton v. Atlantic Coast Line Railroad Co.,* 175 S. C., 209, 178 S. E., 844, the Court had this to say:

"It is such a well-settled principle of law in this state that, when a trial judge adjourns his court *sine die,* he loses jurisdiction of a case finally determined during that term, except under special circumstances, as where either by con-

sent or acquiescence of counsel for both sides, or postponing determination of motions duly entered during the sitting of the court, or in some cases where supplemental orders germane to and carrying out the order duly made, and not inconsistent therewith, may be passed, that any extended discussion thereof is deemed unnecessary.

"That Judge Sharkey lost jurisdiction of the case when the court adjourned *sine die* in so far as the character of the order appealed from is concerned is clear. That such order was entirely null and void follows as a matter of course." Citing authorities.

In the transcript of record, immediately following the "Notice of Intention to Appeal," and immediately preceding the "Exceptions" of appellant, are the following two paragraphs:

"The defendant refusing and failing to enter judgment, the plaintiff entered judgment notwithstanding verdict, the 18th day of January, 1939, as directed by Order of Court.

"For the purpose of appeal to the Supreme Court appellant submits the following exceptions upon which it respectfully asks reversal of the order of Trial Judge directing judgment notwithstanding verdict, and of judgment entered thereon, and for judgment for plaintiff on verdict, and failing in that, for a new trial *de novo*."

The effect of the holding thus far is to reverse the order of the trial Judge setting aside the verdict of the jury and directing a verdict in favor of respondent—not on the ground that he committed error in following the case of *Cook v. Atlantic Coast Line R. Co., supra,*—but because he did not have jurisdiction of the case for this purpose at the time such motion was made and heard. Therefore, that portion of the order was null and void.

The trial Judge had jurisdiction to hear the motion for a new trial. His order states that the motion to set aside the verdict of the jury and enter judgment for the defendant (respondent) *non obstante veredicto*

"along with the motion for a new trial was fully argued in open Court * * *." So, the motion for a new trial was not abandoned. It is patent from a reading of the order—in fact it so states—that had the trial Judge limited his consideration of the case to the motion for a new trial, he would have granted the motion.

Under the circumstances as detailed throughout this opinion, it appears that simple justice and the due execution of the law would require that the litigants be positioned as they were prior to the trial in the Circuit Court.

It is, therefore, the judgment of this Court that the judgment appealed from be reversed, and the case remanded to the Court of Common Pleas for Greenville County for a new trial.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Fishburne and Mr. Acting Associate Justice Philip H. Stoll concur.

Mr. Justice Carter did not participate on account of illness.