9825

STATE v. WILLIAMS.

(93 S. E. 1006.)

1. CRIMINAL LAW—NEW TRIAL—POWERS OF COURT.—The Circuit Courts have the power to grant new trials not only under the specific provisions of Cr. Code 1912, sec. 99, but as an incident to their original jurisdiction.

2. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SUCCESSIVE APPLICATIONS.—The right to a new trial in a criminal prosecution on the ground of newly discovered evidence cannot be cut off by the mere fact that a new trial asked for on other grounds was denied.

3. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Even after judgment has been affirmed on appeal, it is within the discretionary power of the Circuit Court to grant a new trial on the ground of newly discovered evidence.

4. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—TIME FOR MOTION.—No specific time is provided within which a motion for new trial on the ground of newly discovered evidence shall be made.

5. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—WAIVER OF RIGHT TO NEW TRIAL.—Where accused was charged with a crime, the penalty for which was death, unless there was a recommendaton to mercy, the mere fact that he consented to be found guilty with a recommendation to mercy, and that he had begun to serve his sentence, did not cut off his right to new trial on the ground of newly discovered testimony; the consent to a verdict of guilty not necessarily showing as a matter of law the guilt of defendant.

Before BOWMAN, J., Orangeburg, May, 1916. Reversed.

John G. Williams, having been convicted of an offense, moved for a new trial on the ground of newly-discovered evidence. From an order denying the motion, he appeals.

*Messrs. Raysor & Summers* and *Adam H. Moss,* for appellant.

*Mr. Solicitor Mann* and *Messrs. Wolfe & Berry,* for respondent.

November 6, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order refusing a motion for a new trial on after-discovered evidence.

The facts are stated in the order of his Honor, the Circuit Judge, which was as follows:

"At the commencement of the hearing, the Solicitor interposed an objection to my hearing the matter, upon the ground that the Court had no jurisdiction whatsoever to hear the motion, for the reason that the defendant had thereupon entered upon the service of his sentence, and had served a part thereof. It was admitted by all counsel that the defendant was arraigned at the January, 1917, term of the General Sessions for Orangeburg county upon the charge of rape, and after pleading thereto, it was agreed and consented to by defendant that a jury be impaneled, and that the jury should find a verdict of guilty, with recommendation to mercy, which was done by the consent of the defendant, who was thereupon sentenced to serve a term of imprisonment for 40 years in the State penitentiary, or upon the public works of the county. The defendant did not appeal, but immediately entered upon the service of his sentence, and has been confined in the penitentiary serving such sentence since then and until now—a period of about 5 months.

"It is my opinion that after the defendant, as in this case, has consented to a verdict of guilty, made no objection to the imposition of judgment, but, on the other hand, has entered upon and served a part of his sentence, he cannot now make a motion before the Circuit Court for a new trial, upon after-discovered evidence. His acts and conduct, as well as the judgment of the Court, have terminated the case in this Court, and this Court has no jurisdiction to hear his

motion or application for a new trial upon after-discovered evidence. The defendant is not without remedy, for he may file an application for pardon with the proper authority, and if his contention be a meritorious one, there is no doubt that he could secure and would have relief. So, therefore, the motion is refused." .

His Honor, the Circuit Judge, declined to entertain jurisdiction of the motion on two grounds: (1) Because the appellant consented for the jury to find him guilty with a recommendation to mercy; and (2) because the appellant had entered upon and served a part of his sentence. Section 99 of the Criminal Code of 1912 is as follows: "Circuit Courts * * * shall have power to grant new trials in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the Courts of law of the United States."

In section 3831 of the Code of Laws 1912, the words "this State" are substituted for "United States" at the end of the section; but that section does not affect this case.

The Circuit Courts are not only vested with the power to grant new trials, under and by virtue of the provisions of said statute, but, likewise, as an incident to their original jurisdiction. *State v. Bailey,* 1 S. C. 1; *State v. David,* 14 S. C. 428. In the last mentioned case the defendant was convicted of murder, whereupon he made a motion for a new trial on the ground of the insufficiency of the testimony. The motion was refused, and he was sentenced to be hanged. While in prison awaiting the execution of the sentence, he made a motion for a new trial on the ground of after-discovered evidence, which was refused on the ground that the Circuit Court did not have the power to grant it. In reversing the order of the Circuit Court, this Court used the following language:

"Generally motions for a new trial must be made upon the minutes of the Court, and before the adjournment of the Court at which the trial was had, or before sentence or judg-

ment, or upon a case made up and settled by the Judge who tried the case, and, when once thus heard, it is final. The order in such case cannot afterwards be reviewed either by the Judge himself, who heard it, or by another Judge. These motions, however, are made upon matters growing out of the trial, and as to facts occurring at the trial, and, when once passed upon, the action of the Court is conclusive unless an error of law is involved, giving a right of appeal to this Court."

But in the Courts of law of the United States, a party may, under certain circumstances, become entitled to a new trial on account of newly discovered testimony; the ground being that the facts upon which he now relies are external to those which transpired at the trial. Can this appellant be cut off, then, from the opportunity of availing himself of this testimony because, at the time of his conviction, he moved for a new trial on the then existing facts, and, failing in that, sentence had been pronounced against him? If this be so, the right of a new trial on the ground of after-discovered testimony is a delusion and a snare. It is a promise to the ear, but broken to the hope. If this be so, the only possible case in which such testimony could be made available would be where the party had waived his motion at the trial.

The right to a new trial on newly-discovered testimony, when sufficient, is as fully settled and guaranteed by the law as any other, and this right cannot be lost because a new trial had once been refused upon facts wholly different from and not involving this newly discovered testimony.

Even after judgment has been affirmed on appeal, it is within the discretionary power of the Circuit Court to grant a new trial on the ground of newly discovered evidence. *State v. Lee,* 80 S. C. 367, 61 S. E. 657.

The statute empowering the Circuit Judges to grant new trials on after-discovered evidence does not limit the time

within which the motion must be made. *Sams v. Hoover,*
33 S. C. 401, 12 S. E. 8. Nor is there any prescribed
time within which the Circuit Court shall exercise
its inherent right to grant new trials in such cases.
If a party is entitled to a new trial, and is serving the sentence imposed upon him, there is even a stronger reason for
hearing his motion than if he had not entered upon the service of his sentence, as his rights are thereby more directly
affected.

The next question for consideration is whether there was
error on the part of his Honor, the Circuit Judge, in refusing the motion on the ground that the defendant consented
for the jury to render a verdict of guilty with a
recommendation to mercy. The penalty for the
crime of rape is death, whereas if there is a recommendation to mercy, it is confinement in the State penitentiary for a term not exceeding 40 years, nor less than 5, at
the discretion of the presiding Judge. In *State v. Faile,* 43
S. C. 52, 20 S. E. 798, the Court uses the following language:

"It might work a great hardship on the prisoner not to be
allowed to waive even a constitutional right. He may be
influenced to consent to such waiver because his witnesses
are present, and he may fear that he will not be able to
secure their attendance at a future term of the Court, or he
may prefer to have his case tried by the jurors at that term
of the Court, or he may be influenced to such action by numberless other considerations."

The defendant had the right to consent for the jury to
render a verdict of guilty, with recommendation to mercy.
It may reasonably be supposed that he was influenced by the
fear that the jury might find him guilty without a recommendation to mercy. His conclusion to give his consent to
the verdict rendered by the jury was necessarily dependent
upon the surroundings attendant upon the trial, and the facts
that were at that time within his knowledge. After giving

his consent to such a verdict, he thereby waived his right to appeal, but he did not waive his right to make a motion for a new trial on other and materially different evidence thereafter discovered. The reason why a convicted party may make a motion for a new trial on the ground of after-discovered evidence is that consent to a verdict of guilty does not necessarily show, as a matter of fact, that all such persons are guilty. The instances sustaining this proposition are too numerous to necessitate special mention. His Honor, the Circuit Judge, did not pass upon the merits of the motion, but merely ruled upon the question of jurisdiction.

The judgment of the Circuit Court is, therefore, reversed, and the case remanded for a hearing upon the merits.