## 17994

Johnny J. CATOE, Appellant, v. STATE of South Carolina, and W. M. Manning, Superintendent, South Carolina State Penitentiary, Respondents.

(128 S. E. (2d) 417)

*Johnny J. Catoe,* of Columbia, *Appellant, Pro Se,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Travis Medlock, Assistant Attorney General,* of Columbia, *for Respondents,*

November 27, 1962.

Moss, Justice.

Johnny J. Catoe, the appellant herein, was tried at the June 1948 term of the Court of General Sessions for Lancaster County, upon an indictment charging him with murder. The jury returned a verdict of guilty of murder, with a recommendation to the mercy of the Court, and he was sentenced to life imprisonment, which said sentence is being presently served in the South Carolina State Penitentiary. At the trial the appellant was represented by counsel of his own choosing.

The appellant, on February 3, 1962, which was more than thirteen years after he had been tried, convicted and sentenced, filed a "Petition for a New Trial" before the Honorable George T. Gregory, Jr., Resident Judge of the Sixth Circuit. The appellant asserts that the sole purpose of his petition is to obtain a new trial. The grounds of the motion for a new trial were based upon happenings occurring at the trial or facts and circumstances immediately connected therewith. It appears that these facts and circumstances were known to the appellant at the time of his trial.

The motion for a new trial was refused upon the ground of lack of jurisdiction by reason of the previous adjournment of the term of Court at which the appellant had been convicted and sentenced. This appeal followed.

> When a motion for a new trial is based on facts occurring at the trial, or facts and circumstances immediately connected with the trial, the motion must

be made before the adjournment of the term at which the trial was had, or before sentence or judgment, or upon a case made up and settled by the Judge who tried the case. *State v. Thompson,* 122 S. C. 407, 115 S. E. 326; *State v. Williams,* 221 S. C. 107, 69 S. E. (2d) 371; and *State v. Jones,* 225 S. C. 508, 83 S. E. (2d) 179.

In *State v. Williams, supra,* this Court said:

"The practical necessity of this requirement of timely motions during term time is quite apparent. Otherwise there would hardly be any end of motions for new trial. It is requisite to the orderly administration of justice. *Interest reipublicae ut sit finis litium."*

There was no error in the order under appeal. The motion made by the appellant for a new trial after adjournment of the term of Court of which he was tried and convicted comes too late. The motion of the appellant for a new trial should have been presented to the trial Judge before the expiration of the term at which the trial was had. Admittedly, this was not done, and the lower Court lacked jurisdiction to entertain or hear the appellant's motion for a new trial.

The only exception to the rule above set out is a motion for a new trial on the ground of after-discovered evidence. There is no time limitation within which such motion must be made. *State v. Williams,* 108 S. C. 295, 93 S. E. 1006. However, the rule with reference to a motion for a new trial based on after-discovered evidence is succinctly set forth in the case of *State v. Mayfield,* 235 S. C. 11, 109 S. E. (2d) 716, as follows:

"A motion for new trial on after-discovered evidence is addressed to the sound discretion to the trial court. *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918. And the movant must show that the evidence upon which it is based: (1) is such as would probably change the result if a new trial is had; (2) has been discovered since the trial; (3) could not by the exercise of due diligence have been discovered before

the trial; (4) is material to the issue; and (5) is not merely cumlative or impeaching. *State v. Strickland,* 201 S. C. 170, 22 S. E. (2d) 417; *State v. Clamp, supra; State v. Wright,* 228 S. C. 432, 90 S. E. (2d) 492."

The appellant's motion for a new trial is not based on after-discovered evidence and does not fall within the above exception to the rule because the motion for a new trial is based on facts occurring at the trial or facts and circumstances immediately connected therewith.

Upon the call of this case for argument, the State moved to dismiss this appeal upon the ground that the lower Court did not have jurisdiction to entertain a motion for a new trial because such was not made prior to the adjournment of the term of Court at which the appellant was convicted and sentenced.

The motion of the State to dismiss the appeal herein is granted. The judgment of the lower Court holding that it lacked jurisdiction to consider the motion of the appellant for a new trial because such was not made prior to the adjournment of the term of Court at which the appellant was convicted and sentenced is affirmed.

Appeal dismissed and the judgment below is affirmed.

TAYLOR, C. J., LEWIS and BRAILSFORD, JJ., and LEGGE, Acting Associate Justice, concur.